### EMLER v. FERNE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2878. Decided Nov. 15, 1926

1037. RESTRAINT OF TRADE — 1. A negative covenant as to space is a general restraint of trade, and is not divisible.

2. Where a ten year covenant in an agreement not to engage in a business is without territorial limitation, if such covenant is disregarded there can be nothing upon which to base a restriction; and the court cannot place a restriction on a negative covenant, where there is no valid negative covenant.

3. A contract can be severed if the several parts are independent of one another and can be severed without the severance affecting the meaning of the part remaining.

First Publication of this Opinion

HAMILTON, J.

Mack Ferne sought a restraining order in the Hamilton Common Pleas against William Emler, to restrain him from entering into a competitive business and for damages for breach of contract.

Under the contract, Ferne was to purchase a beauty parlor and Emler was to be manager and operator, and to receive part of the net profits and a weekly salary. Disagreement arose after a year and Emler opened a beauty parlor across the street.

Emler first filed a suit to prevent Ferne from using his (Emler's) name; and later Ferne brought this action. Emler's case was dismissed and a hearing was had on Ferne's petition, the trial court finding for Ferne, and entering a permanent injunction against Emler, enjoining the operation of his business and awarding damages to Ferne in the sum of $500.

Emler, in error proceedings, contended that sections, 2, 5 & 6 of the contract in question were illegal and void, in that it is in restraint of trade and opposed to public policy. The provisions, in substance, provided that Emler was to work with Ferne for a period of 10 years and that Emler would not engage in a similar line of business for a period of 10 years, this provision not to be binding if Ferne in any way severed the connection. The Court of Appeals held:

1. It is clearly the law in Ohio that such provisions in a contract void the same.

2. The view of the trial court evidently was that the restriction of a ten year period without limitation as to space, was divisible and the court might on its own motion, divide the restriction as to space, by hodling the contract good as to Hamilton County.

3. "A contract can be severed if the several parts are independent of one another and can be severed without affecting the meaning of the part remaining."

4. The ten year covenant in the contract was without territorial limitation and if that part of the contract is blue penciled, (as was done in the case of Lange v. Werk, 2 OS. 520) there would be nothing upon which to base a restriction, and that such covenant is not divisible is clearly decided in Lufkin Rule Co. v. Fringeli, 57 OS. 586.

5. In the Lufkin case, the seller stipulated that he would not engage in the same business in the State of Ohio, nor in the United States for a period of 25 years and the court held, "such an agreement is not divisible, for the reason that if restrained to the limits of the state, still such restraint would be general in its nature, and obnoxious to all the objections that exist against a general restraint of trade."

6. The court cannot place a restriction on a negative covenant where there is no valid negative covenant; and the court cannot make the contract for the parties.

7. The court was without power to grant the injunction and award damages, and judgment is reversed and entered in favor of Emler.

Judgment reversed.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Gusweiler, Foster & Lambert, for Emler; Samuel Rotter for Ferne; all of Cincinnati.