SEGAL, APPELLEE, *v.* FLEISCHER ET AL., APPELLANTS.

(No. 7618—Decided December 8, 1952.)

*Mr. Milton H. Schmidt, Mr. Robert N. Gorman,* and *Mr. Froome Barbour,* for appellee.

*Mr. Bert H. Long* and *Mr. Julius R. Samuels,* for appellants.

HILDEBRANT, P. J.  In this declaratory judgment action, the prayer of the amended petition is:

"Wherefore, plaintiff prays that the court declare the rights, duties and obligations of the plaintiff and defendant under the contract of April 21, 1932 as to whether the provisions of paragraph 13 which plaintiff is to insert in contracts with salesmen employed

by him as hereinbefore noted are void and illegal, and whether such provisions could be inserted in agreements made by plaintiff with salesmen he employs in the future, and whether the provisions now inserted in the agreement with his salesmen are void and illegal, and for all other relief that may be just and proper.''

The pertinent part of the declaratory judgment appealed from is:

''The court, upon consideration, finds that in paragraphs 13, 23, 25 and 26 of said contract, there are provisions therein which restrict the parties and their agents from engaging in business which cover such large geographical areas that they are in restraint of trade, against public policy and void *ab initio*. The court further finds that the contract is entire and indivisible and because of said provisions, the entire contract is void and unenforceable.

''The court further does declare that the entire contract is void and unenforceable, and the plaintiff and the defendants are released from all its terms and obligations.''

The contract involved herein, executed by the parties on April 21, 1932, was for a period of 20 years employment of the plaintiff by the defendants. It has been performed by the parties and expired by its terms during the pendency of this action. Paragraph 13, upon which plaintiff seeks a declaration of rights, duties, and obligations of the parties is a restrictive covenant, imposing obligations which survive the termination of the contract.

These restrictions, contained in the latter part of paragraph 13, are:

''Second party covenants that as to all salesmen that may be employed by him pursuant to the provisions of this paragraph, he will, upon such employment, procure a written agreement from such salesmen (and

turn same over to first parties) binding such salesmen to the same restrictions as are contained in this agreement in paragraphs 4, 5 and 6 and also binding such salesmen that they shall not, during their employment, as well as for a period of five (5) years after the termination of their employment, for whatever cause, engage in, accept employment from, or become interested, directly or indirectly, in a business similar to or of a like nature to the business carried on by first parties."

All the evidence offered by both sides was adduced for its probative effect on paragraph 13 of the contract. No evidence was adduced by either side for its probative effect upon either the legality of the entire contract or paragraphs 23, 25, 26, or any other portion of the entire agreement.

The issues made by the pleadings are confined solely to a declaration upon the validity of paragraph 13.

While the court was required to consider the contract as a whole in connection with deciding the issues confined to paragraph 13, it appears from the declaratory judgment that it extended its jurisdiction beyond that invoked by the pleadings and assumed to decide issues upon which neither party offered evidence or requested decision. This, we think, was error, requiring modification of the judgment in that respect.

Decision in this court as to the validity of the restrictive covenant contained in paragraph 13 must necessarily be subordinate to the pronouncements of the Supreme Court of Ohio upon the subject.

The latest pronouncement coming to the attention of this court is contained in *Briggs* v. *Butler,* 140 Ohio St., 499, 45 N. E. (2d), 757, the syllabus of which is:

"1. A contract between an employer and employee whereby the latter agrees that subsequent to the termination of such employment he will not engage in a competitive business within a reasonably limited time and space is valid and enforceable where the restraint

is not beyond that reasonably necessary for the protection of the employer's business, is not unreasonably restrictive upon the rights of the employee and does not contravene public policy.

''2. A contract between an employer and employee may not unduly restrict the activities of the employee subsequent to the termination of the employment or limit the same to a greater extent than is reasonably necessary for the protection of the business of the employer, and the determination of such necessity is dependent upon the nature and extent of the business and the nature and extent of the service of the employee in connection therewith and other pertinent conditions.

''3. Where the contract involved is one for personal service in advertising and solicitation of patronage and the restrictive provisions thereof relate only to the 'same kind or similar business, in competition with' the employer and do not undertake to otherwise restrict or limit the trade, occupation, profession, business or activities of the employee, the contract is not unreasonably restrictive upon the rights of the employee and does not thereby contravene public policy.''

The restrictive covenant in the *Briggs case* was:

''8. * * * Now, therefore, for and in consideration of this employment and the compensation to be earned and paid to the hostess hereunder, the hostess covenants and agrees (which covenant and agreement is the essence of this contract) that she will not, during the term of this employment and for a period of five whole years thereafter, engage, directly or indirectly, for herself, or as representative or employee of others, in the same kind or similar business, in competition with the company in Toledo, Ohio, and/or in any city, town, borough, township or other place in the United States and Canada, in which the company is then engaged in rendering its service.''

The Common Pleas Court ''blue penciled'' that part

of the restriction reading "and/or in any city, town, borough, township or other place in the United States and Canada, in which the company is then engaged in rendering its service," and granted injunctive relief to plaintiff confined to the city of Toledo.

Upon appeal on questions of law and fact, the Court of Appeals heard the case *de novo* and rendered judgment against plaintiff, dismissing the petition. On appeal to the Supreme Court, the judgment of the Court of Appeals was reversed and a decree similar to that of the Common Pleas Court was entered.

No comment or reference to the actual "blue pencilled" effect given to the restriction appears in the Supreme Court opinion. We, therefore, do not know whether or not had the language of the restrictive covenant not been susceptible of "blue pencilling" the court would have reached the same conclusion.

The case at bar contains no restriction as to space in the language employed by the parties, and, therefore, fails to meet the requirement of being reasonably limited as set forth in the syllabus of the *Briggs case.*

Of many citations contained in able briefs of all counsel, the case of *Emler* v. *Ferne*, 23 Ohio App., 218, 155 N. E., 496, decided by this court appears most in point. There, the court, speaking through Hamilton, J., said at page 223:

"The negative covenant as to space is a general restraint of trade, and is not divisible. Had the covenant provided that the parties should not engage in the same or similar business for the period of 100 years, it would not be contended that the court might grant the injunction for a period of 5 years. In other words, the court cannot make the contract for the parties. He cannot place a restriction on a negative covenant where there is no valid negative covenant."

Were the legality of paragraph 13 conceded and our efforts directed solely to giving it reasonable applica-

tion in the light of the whole agreement, it might very well be concluded that it was confined to plaintiff's territory, but, the agreement of the parties has been integrated in an unambiguous writing. It, therefore, appears to the court to be beyond judicial function to impose limitations not expressed.

We, therefore, conclude that the judgment of the Common Pleas Court, finding against the validity and enforceability of paragraph 13 was correct.

The judgment is, therefore, modified in accordance with this opinion and affirmed as modified.

*Judgment accordingly*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur.