OPINION
{¶ 1} Defendant-appellant, Victoria Alvarez, appeals a decision and entry issued by the Butler County Court of Common Pleas ordering that the deeds to the respective properties of Alvarez and plaintiff-appellee, Ralph Jones, be reformed to grant Jones an easement over Alvarez's property on the ground of mutual mistake. *Page 2 
 {¶ 2} Alvarez owns two parcels of property known as Lots 54 and 58, which are located at 8995 Cincinnati-Dayton Road in the village of West Chester, in Butler County, Ohio. Jones owns the property known as Lot 55, which is located at 9001 Cincinnati-Dayton Road. Lots 54 and 55 are adjacent to one another. A portion of Lot 54 extends behind Lot 55, to a point at which Lot 54 borders Lot 58. The northeast corner of Lot 58 extends to the southwest corner of Lot 55.
 {¶ 3} Jones purchased Lot 55 in 1961 and used the property as his residence until 2004, when he moved into another residence and placed Lot 55 on the market for sale. Alvarez purchased Lots 54 and 58 in 1991, and uses them as a studio and retail store to sell art and jewelry.
 {¶ 4} When Jones purchased Lot 55, there was a stone wall that ran across the length of his property along Cincinnati-Dayton Road, which prevented him from using that road to access his property. As a result, from 1961 until 2003, Jones accessed his property by using a driveway that crosses over Lot 54. Jones was permitted to use this driveway without objection from the previous owner of Lot 54, Dan Minton, and was permitted to continue using the driveway by Alvarez from 1991 until 2003.
 {¶ 5} However, in October 2003, Alvarez determined that Jones' use of the driveway had become "disruptive and dangerous." Among other things, Alvarez claimed that members of Jones' family were driving through the lot at excessive speeds. As a result, Alvarez placed some boulders in the driveway to prevent Jones and his family from using it.
 {¶ 6} Jones responded by knocking a hole in the stone wall that ran along Cincinnati-Dayton Road to allow him access to that road. He also applied to Butler County for permission to create a curb cut to allow him permanent access to Cincinnati-Dayton Road, but the county granted him only a 90-day temporary permit. Alvarez eventually allowed Jones to use the driveway again, to allow him to get to and from his property. *Page 3 
 {¶ 7} On March 18, 2004, Jones filed a complaint for a declaratory judgment in the Butler County Common Pleas Court,[1] seeking a declaration that his deed to Lot 55 grants him an express easement[2]
to cross over Alvarez's Lot 54, as a means of ingress and egress to his property. Alvarez filed an answer, requesting the trial court to deny Jones the declaration he sought.
 {¶ 8} In August 2006, a trial was held on Jones' complaint. On September 19, 2006, the trial court issued a decision and entry, finding that Jones' deed to Lot 55 did not provide him with an express easement over Lot 54, as he had claimed.
 {¶ 9} Nevertheless, the trial court found that there was "clear and convincing evidence that there was a mutual mistake on behalf of the original parties to the deeds creating [Lots 54 and 55] and this mistake has been perpetuated through successive transfers [of those parcels]." As a result, the court found that "[w]hile not originally pled in [Jones'] complaint, * * * reformation of the deeds for Lots 54 and 55 is warranted," and ordered that the deeds to those parcels be reformed "to clearly reflect an easement for ingress and egress from the rear of Lot 55 to Cincinnati-Dayton Road."[3]
 {¶ 10} The trial court also noted that it "did consider whether an easement was *Page 4 
created by implication or prescription[4] but found that with no available metes and bounds for the easement, equity was best suited by the reformation of the deeds to correct for the mutual mistake made many years ago and perpetuated through subsequent transfers."[5]
 {¶ 11} Alvarez now appeals from the trial court's decision and entry, and assigns the following as error:
 {¶ 12} Assignment of Error No. 1:
 {¶ 13} "THE TRIAL COURT'S HOLDING THAT A `MUTUAL MISTAKE' WAS PROVEN BY CLEAR AND CONVINCING EVIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS AN ABUSE OF DISCRETION."
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT VIOLATED THE DUE PROCESS RIGHTS OF THE DEFENDANT/APPELLANT BY HOLDING SUA SPONTE THAT A MUTUAL MISTAKE WARRANTED THE REFORMATION OF THE APPLICABLE DEEDS."
 {¶ 16} We shall address Alvarez's second assignment of error, first, as we find it dispositive of this appeal.
 {¶ 17} In her second assignment of error, Alvarez argues that the trial court erred by ordering that the parties' deeds to Lots 54 and 55 be reformed on the basis of an alleged mutual mistake, because the issue of mutual mistake had not been raised by the parties and, therefore, *Page 5 
she did not have an opportunity to present evidence or argument on that issue before the trial court ruled on it. We agree with this argument.
 {¶ 18} R.C. 2721.03 states in pertinent part that "any person interested under a deed * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations under it." "[T]he declaratory judgment statutes contemplate a distinct proceeding generally initiated by the filing of a complaint." Fuller v. GermanMotor Sales, Inc. (1988), 51 Ohio App.3d 101, 103.
 {¶ 19} A "complaint" is a pleading, Civ.R. 7(A), which sets forth a "claim for relief" that must "contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A). When fraud or mistake is alleged in a complaint, the circumstances constituting the fraud or mistake must be stated with particularity. Civ.R. 9(B).
 {¶ 20} When the determination of an issue of fact is necessary either to the construction or validity arising under a deed or other instrument, or to a declaration of rights, status, or other legal relations under the deed or other instrument, "that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending." R.C. 2721.10.
 {¶ 21} Jones' complaint asked the trial court to declare that his deed to Lot 55 expressly grants him an easement to cross over Alvarez's Lot 54 to allow him ingress and egress to his property. After the parties presented evidence and argument on this issue at the hearing held on the matter, the trial court found that Jones' deed to lot 55 didnot expressly grant him an easement to cross over Alvarez's property.
 {¶ 22} The parties also presented evidence and argument on the issue of whether Jones had attained a prescriptive easement to cross over Alvarez's property, even though Jones did not raise this issue in his complaint. Civ.R. 15(B), which allows pleadings such as *Page 6 
complaints to be amended to conform to the evidence presented at trial, states:
 {¶ 23} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
 {¶ 24} While Jones failed to raise the issue of prescriptive easement in his complaint, it is nonetheless apparent from the proceedings that this issue was tried with Alvarez's consent. However, the trial court made no definitive ruling on the issue of prescriptive easement, choosing instead to decide the case on the issue of mutual mistake.
 {¶ 25} Jones argues that Alvarez herself "invited the error"[6] of which she now complains "by presenting evidence of mutual mistake and then arguing it to the court." We find this argument unpersuasive.
 {¶ 26} A review of the evidence presented on Alvarez's behalf shows that she presented expert testimony that Jones' deed to Lot 55 mistakenly states that a certain easement was *Page 7 
intended to benefit that lot, when, in fact, the easement was intended to benefit Lot 58. Also, a review of Alvarez's closing argument shows that she referred to the existence of a "mutual misbelief" between Jones and Dan Minton, the previous owner of Lot 54, that Jones had an easement over Lot 54.
 {¶ 27} Alvarez presented this evidence and argument to rebut Jones' contentions that his deed to Lot 55 gave him an express easement over Lot 54, and that he had obtained a prescriptive easement over Lot 54. As we have noted, the trial court rejected the first of these contentions and declined to issue a definitive ruling on the second. However, Alvarez's expert did not address the issue of mutual mistake, and neither party raised the issue of mutual mistake during the hearing. In fact, the issue of mutual mistake was not mentioned until the trial court raised the issue sua sponte in its final decision and entry in the matter.
 {¶ 28} The trial court decided the issue of mutual mistake without providing Alvarez with an opportunity to present evidence or argument on this issue. Moreover, the trial court did so after telling the parties that the court had already determined that Jones' deed to Lot 55 did not give him an express easement to cross over Lot 54 and, therefore, the only issue remaining was whether Jones had obtained a prescriptive easement to cross over Lot 54.
 {¶ 29} The trial court's decision to raise, sua sponte, the issue of mutual mistake and to decide that issue without giving Alvarez an opportunity to present evidence and argument on the issue was unreasonable and, therefore, an abuse of discretion. See, generally,Ameigh v. Baycliffs Corp. (1998), 127 Ohio App.3d 254, 264, fn. 2, citing Bilyeu v. Motorists. Mut. Ins. Co. (1973), 36 Ohio St.2d 35, 37
(granting declaratory relief is generally a decision within trial court's discretion, and the court's decision will not be reversed unless it is unreasonable). See, also, Segal v. Fleischer (1952),93 Ohio App. 315, 317 (trial court erred by declaring entire contract void and unenforceable where plaintiff had asked the court merely to declare one paragraph of the contract void and illegal and where neither party *Page 8 
offered evidence or requested decision on the validity or enforceability of the entire contract).
 {¶ 30} Alvarez's second assignment of error is sustained.
 {¶ 31} In her first assignment of error, Alvarez argues that the trial court's finding, by clear and convincing evidence, that a mutual mistake had occurred was against the manifest weight of the evidence. However, this assignment has been rendered moot as a result of our disposition of Alvarez's second assignment of error and, therefore, we need not decide it. See App.R. 12(A)(1)(c).
 {¶ 32} The trial court's judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion and in accordance with the law of this state.
YOUNG, P.J., and FAIN, J., concur.
Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] Jones originally filed the complaint along with his wife, Norma Jean Jones, but she died while the action was pending in the trial court.
[2] "An easement is an interest in the land of another that entitles the owner of the easement to a limited use or enjoyment of that land."Cincinnati Entertainment Assoc., Ltd. v. Hamilton Cty. Bd. ofCommrs. (2001), 141 Ohio App.3d 803, 813. See, also, Crane Hollow v.Marathon Ashland Pipe Line, LLC (2000), 138 Ohio App.3d 57, 66 ("An easement is an interest in the land of another, created by prescription or express or implied grant, that entitles the owner of the easement, the dominant estate, to a limited use of the land in which the interest exists, the servient estate").
[3] "Reformation of an instrument [such as a deed] is an equitable remedy whereby a court modifies the instrument which, due to a mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties. * * * [T]o correct the description of a deed on the ground of mutual mistake, the proof that both parties were mistaken as to what was being conveyed must be shown by clear and convincing evidence." Mason v. Swartz (1991),76 Ohio App.3d 43, 50. "Equity will permit the reformation of a written instrument not only as between the original parties but also as to parties in privity with them [such as the original parties' successors in interest]." Id. at 49.
[4] A "prescriptive easement" is "[a]n easement created from an open, adverse, and continuous use over a statutory period." Black's Law Dictionary (8th Ed.2004) 550. A person claiming a prescriptive easement must establish that he used the property at issue: (1) openly, (2) notoriously, (3) adversely to his neighbor's property rights, (4) continuously, and (5) for at least twenty-one years."Nusekabel v. Cincinnati Pub. School Employees Credit Union, Inc. (1997),125 Ohio App.3d 427, 433. An "implied easement" is "[a]n easement created by law after an owner of two parcels of land uses one parcel to benefit the other to such a degree that, upon the sale of the benefitted parcel, the purchaser could reasonably expect the use to be included in the sale." Black's Law Dictionary at 549.
[5] Also, the trial court rejected Jones' request in his prayer for relief for an award of damages "for the suffering, stress, and inconvenience" caused by Alvarez's actions, finding that Jones had failed to present sufficient evidence regarding those alleged damages.
[6] The doctrine of "invited error" prohibits a party from taking advantage of an error that he himself invited or induced the trial court to make. State ex rel. Beaver v. Kontech, 83 Ohio St.3d 519, 521,1998-Ohio-295. *Page 1