DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the decisions of the Lucas County Court of Common Pleas denying remission of bond in case numbers CR-01-1688, CR-00-3032, and CR-00-3037. Because we conclude that the trial court did not abuse its discretion by ruling on the motions without hearing, we affirm.
 {¶ 2} The question in this consolidated appeal is whether the trial court erred by not holding a hearing after motions for remission of bond were filed. In case number CR-01-1688, Charles Hardin was indicted on April 25, 2001. J.C. Bail Bonding posted the surety bond for Hardin. On September 10, 2001, Hardin entered a no contest plea to a lesser included offense, but failed to appear for his sentencing hearing on October 11, 2001. A capias was issued, and the court commenced bond forfeiture proceedings. Bond was ultimately ordered forfeited on January 16, 2002, after several continuances. Hardin was eventually arrested on August 19, 2002, and sentenced on September 18, 2002. On April 9, 2003, J.C. Bail Bonding filed a motion for remission of forfeited bond. The trial court denied the motion in an order filed April 16, 2003.
 {¶ 3} In case number CR-00-3032, Gary Toran was indicted on November 21, 2000. J.C. Bail Bonding posted his surety bond. On December 4, 2000, Toran failed to appear for his arraignment. A capias was issued and Toran was arrested on December 14, 2000. Toran's case proceeded to a jury trial on March 27-28, 2000. When Toran did not return for the verdict, the trial court revoked his bond and issued a capias. Bond was ordered forfeited on August 20, 2001, after the trial court granted J.C. Bail Bonding a number of continuances. In January 2002, Toran was arrested. He entered an Alford plea on February 7, 2002, and was sentenced on April 3, 2002. On April 9, 2003, J.C. Bail Bonding filed a motion for remission of forfeited bond. The trial court denied the motion in an order filed April 17, 2003.
 {¶ 4} In case number CR-00-3037, Bryan Johnson was indicted on November 22, 2000. Wittenberg Associates Agency, Inc. posted Johnson's surety bond. Johnson failed to appear for his trial on March 8, 2001. Bond was ordered forfeited on April 5, 2001. In August 2001, Johnson was arrested and entered a no contest plea. He was sentenced on October 4, 2001. Wittenberg Associates Agency filed a motion for remission of forfeited bond on April 9, 2003. The trial court denied the motion in an order filed April 11, 2003.
 {¶ 5} J.C. Bail Bonding and Wittenberg Associates now appeal the denial of their motion and raise the following two assignments of error:
 {¶ 6} "I. The trial courts' denial of appellants' request for the remission of bond pursuant to ORC § 2937.39 without an evidentiary hearing constituted an abuse of discretion.
 {¶ 7} "II. The trial courts' denial of appellants' request for the remission of bond pursuant to ORC § 2937.39 without an evidentiary hearing constituted a denial of due process in violation of theFourteenth Amendment of the United States Constitution."
 {¶ 8} In the first assignment of error, appellants contend that the trial courts erred by failing to conduct hearings on their motions for remission. Appellants argue that by not holding a hearing, the trial courts failed to consider all attendant relevant circumstances and failed to ensure the forfeited bond was proportional to the costs and inconveniences of apprehending the defendants.
 {¶ 9} R.C. 2937.39 provides that "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." The disposition of a motion to remit a forfeited bond is a matter within the discretion of the court. State v. Patton (1989),60 Ohio App.3d 99, 101. Therefore, our review is limited to whether the trial courts abused that discretion. State v. Am. Bail Bond Agency
(1998), 129 Ohio App.3d 708, 713. An abuse of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. In Patton, this court held that the trial court's discretion must be exercised in light of all attendant circumstances. Patton, supra. at 101.
 {¶ 10} The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20. Furthermore, the purpose of bail is not punitive but to secure the presence of the defendant. State v. Christensen (Apr. 16, 1999), 2nd Dist. No. 98CA53, citing Dudley v. United States (5th Cir. 1957), 242 F.2d 656. As a result, in determining whether to remit a forfeited bond, the trial court should consider (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited. Am. Bail Bond Agency, supra. at 712-713; State v. Duran (2001), 143 Ohio App.3d 601, 604.
 {¶ 11} While the forfeiture should bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial, Patton, supra. at 101, "the public also has an interest in insuring that bail bond companies devote sufficient time and resources to the posting of bail bonds for person accused of committing serious crimes. Holding bail bond companies harmless when an accused fails to appear for a preliminary hearing would encourage bail bond companies to post bonds without considering whether an accused person intends to fully fulfill his or her bond obligations." Am. Bail BondAgency, supra. at 715.
 {¶ 12} Appellants argue that in order to consider all the factors a trial court is required to hold a hearing on a motion to remit. In Statev. Johnson (Oct. 19, 1998), 5th Dist. No. 98 CA 40, the Fifth Appellate District found that the trial court abused its discretion in not conducting an evidentiary hearing as the surety had requested in order to present supporting testimony for its motion. The Fifth Appellate District has also held that if no surety is involved, a defendant is not entitled to a hearing prior to the trial court's decision overruling a motion for remission. State v. Sampson (Oct. 1, 1998), 5th Dist. No. 98 CA 15. Recently, the Third Appellate District addressed the issue of bond remission as a matter of first impression and held that "when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense and delay suffered by the state and any other factors the court finds relevant." State v. Jackson, 153 Ohio App.3d 520,2003-Ohio-2213 at ¶ 9. The Jackson court concluded that because the trial court denied the motion for remission without setting forth its reasons and there was no record, the trial court's decision was arbitrary since it was unable to ascertain whether the trial court had properly considered the motion. Id. at ¶ 10.
 {¶ 13} The cases involved in this appeal, however, can be distinguished from both Johnson and Jackson. Unlike Johnson, the appellants did not include a request for hearing when they filed their motions for remission of forfeited bond. In Jackson, the surety argued that it was entitled to remission because it had conducted a diligent search for the accused, there was only a short delay between the time the bond was forfeited and the reappearance of the accused, and the extreme financial hardship forfeiture would have on the person who indemnified the bond for the accused. Thus, the surety in Jackson presented the trial court with some indication that it was entitled to remission. In contrast, the appellants did not argue or provide any evidence that any of the factors established in Am. Bail Bond Agency and Duran were satisfied. In State v. Sexton, 4th Dist. No. 99CA19, 2000-Ohio-2006, 2000-Ohio-2013, the surety moved for relief from the judgment ordering forfeiture, which the trial court denied without hearing. The Sexton
court, in affirming the trial court's decision, noted "although the movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, 665 N.E.2d 1102, 1105, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 565, 566. Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion.
 {¶ 14} Kay, supra." Id. Because appellants failed to request a hearing and simply made bare allegations that they were entitled to relief without further elucidation, we find that the trial court did not abuse its discretion in failing to hold a hearing.
 {¶ 15} Furthermore, there is support in the record for the trial courts' decisions. None of the defendants reappeared voluntarily. Each was rearrested by law enforcement. The defendants' failures to appear were also willful. Hardin did not show for his sentencing, while Johnson did not appear for his jury trial. Toran failed to return to hear the jury announce its verdict. Hardin and Toran delayed their prosecutions for approximately ten months, and Johnson's prosecution was on hold for five months. Therefore, we find that appellants' first assignment of error is not well-taken.
 {¶ 16} In the second assignment of error, appellants claim that the failure to hold a hearing violated their due process rights. Appellants argue (1) there is a violation of procedural due process since they are being deprived of a property interest without a hearing, and (2) there is a violation of substantive due process because R.C. 2937.39 is being applied arbitrarily.
 {¶ 17} The deprivation of a property interest without a hearing is a violation of procedural due process. Matthews v. Elridge (1972),424 U.S. 319, 333. The state argues that appellants' procedural due process rights apply only to the initial taking of the property, i.e. the recognizance bond. Appellants do not challenge the forfeiture hearings conducted pursuant to R.C. 2937.36. Once appellants failed to produce the defendants in court as they were obligated to do so, they lost their property interest in the bond. Therefore, there is no procedural due process violation.
 {¶ 18} We also find appellants' claim of a substantive due process violation to be without merit. The denial of appellants' motions was not arbitrary, nor did it consist of behavior so egregious, so outrageous that it shocks the conscience. Appellants did not request a hearing, nor present the court with anything other than that the defendants had reappeared and their cases concluded. Appellants' second of assignment of error is not well taken.
 {¶ 19} Upon consideration, we find that substantial justice was done the parties complaining. The judgments of the Lucas County Court of Common Pleas are affirmed. Appellants are ordered to pay the costs of this appeal.
Judgment Affirmed.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., concur.
Arlene Singer, J., dissents.