DECISION AND JUDGMENT
{¶ 1} This case is before the court on an accelerated appeal from the July 30, 2008 judgment of the Toledo Municipal Court, [1] which denied the motion filed by Walmatt, Inc. ("Walmatt") to vacate the bond forfeiture judgment and release the surety *Page 2 
or, alternatively, for remission of the surety. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On January 7, May 26, and November 18, 2007, in three separate cases, Charles Call was charged with domestic violence. On December 17, 2007, Brian Kopp, who worked for Walmatt, posted a surety bond in the amount of $2,500 for each case, for a total of $7,500. Trial was set for March 14, 2008; however, Call failed to appear. The trial court issued a bench warrant, ordered the bond forfeited, and set a bond forfeiture hearing for April 8, 2008. At the bond forfeiture hearing, neither Call nor Kopp appeared. The $7,500 bond was ordered forfeited in an entry journalized on April 9, 2008.
 {¶ 3} On May 8, 2008, Walmatt filed a motion to vacate the bond forfeiture judgment and release the surety or, alternatively, for remission of the surety. William K. Barry, a licensed surety agent for Walmatt, attested that he began to investigate Call's whereabouts when he failed to appear for trial on March 14, 2008. According to Barry, Kopp was instructed to appear at the show cause hearing and request a continuance. During his exit interview, Kopp told Walmatt that he had attended the show cause hearing, on April 8, 2008, and obtained a continuance of the show cause hearing. Walmatt later discovered that nobody from the company had appeared at the show cause hearing. In his affidavit, dated May 8, 2008, Barry attested that the company recently located Call in Waldoboro, Maine. Barry attested that the following steps were taken: *Page 3 
 {¶ 4} "* * * the Company dispatched 2 of its Ohio recovery agents to the location in Waldoboro, Maine. Upon arriving at said location, the recovery agents contacted local law enforcement authorities and advised them that they were at the said location in order to execute a bench warrant out of [Toledo Municipal Court].
 {¶ 5} "Local police arrived on scene and the Company's agents successfully apprehended and detained the Defendant. He was taken into custody by the Company's recovery agents and they surrendered him to the Waldoboro, Maine Police Department on May 7, 2008.
 {¶ 6} "The Company's recovery agents were ready, willing, and able to transport the defendant back to Ohio for delivery to this Court however the Maine authorities (in conjunction with discussions with the Toledo Police Department) would not allow the Company's agents to transport. Thus, the defendant was left in the custody of the Waldoboro, Maine Police Department.
 {¶ 7} "The Company was advised that Toledo Police Department had requested the defendant be extradited to Ohio."
 {¶ 8} Relying on R.C. 2937.36(C), Walmatt moved the trial court to vacate the previous bond forfeiture judgment "for the reason that Surety has shown good cause by production of the body of defendant albeit in an out of state jail facility." Walmatt argued that "it has substantially performed its obligation by locating and detaining the defendant and standing ready, willing, and able to return the defendant to Ohio for production to the *Page 4 
trial court." Walmatt argued that its "full and complete performance has been rendered impossible due to factors and circumstances beyond its control," to wit, Maine's law enforcement authorities' refusal to allow Walmatt's agents to transport Call back to Ohio. Walmatt alternatively argued that it was entitled to remission of the forfeited bond, pursuant to R.C. 2937.39, upon Call's surrender or re-arrest.
 {¶ 9} Without a hearing, and without providing any rationale, the trial court denied Walmatt's motion on July 31, 2008. On appeal, Walmatt sets forth the following assignments of error:
 {¶ 10} 1. "The trial court abused its discretion when it denied appellant surety's motion to vacate bond forfeiture judgment even though after the show cause date the surety had shown good cause by production of the body of defendant as surety had surrendered the defendant to out of state law enforcement authorities."
 {¶ 11} 2. "The trial court abused its discretion when it denied appellant surety's motion for remission."
 {¶ 12} Once a bond is forfeited, further proceedings on the forfeiture are governed by R.C. 2937.36, which states in pertinent part:
 {¶ 13} "Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: * * *
 {¶ 14} "(C) As to recognizances he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the *Page 5 
record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a datecertain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, whyjudgment should not be entered against each of them for the penaltystated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail." (Emphasis added.)
 {¶ 15} According to R.C. 2937.36(C), on or before the scheduled forfeiture hearing date, the accused and the surety must show cause why forfeiture should not be entered. Walmatt was not aware of Call's whereabouts until after the April 8, 2008 forfeiture hearing. Although Call had been arrested and secured by authorities in Maine on May 7, 2008, no good cause was shown regarding why Call was not present at his trial date on March 14, 2008, or at the April 8, 2008 forfeiture hearing. We therefore find that Walmatt is not entitled to relief from forfeiture pursuant to R.C. 2937.36, and find its first assignment of error not well-taken.
 {¶ 16} Walmatt, however, alternatively argues in its second assignment of error that it should be entitled to relief pursuant to R.C. 2937.39, which provides: *Page 6 
 {¶ 17} "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission."
 {¶ 18} The disposition of a motion to remit a forfeited bond is a matter within the discretion of the trial court. State v. Patton (1989),60 Ohio App.3d 99, 101. Therefore, our review is limited to whether the trial court abused that discretion. State v. Am. Bail Bond Agency
(1998), 129 Ohio App.3d 708, 713. An abuse of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In Patton, this court held that the trial court's discretion must be exercised in light of all attendant circumstances. Patton at 101.
 {¶ 19} The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20. The purpose of bail is not punitive but to secure the presence of the defendant. State v. Hardin, 6th Dist. No. L-03-1131, L-03-1132, L-03-1133, 2003-Ohio-7263, ¶ 10, citing, State v.Christensen (Apr. 16, 1999), 2d Dist. No. 98CA53. As such, "in determining whether to remit a *Page 7 
forfeited bond, the trial court should consider (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited." Id., citing Am. Bail Bond Agency, 129 Ohio App.3d at 712-713.
 {¶ 20} In State v. Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 9, the Third District Court of Appeals held that "when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant." In Jackson, the court concluded that, because the trial court denied the motion for remission without setting forth its reasons, and no hearing was held, it was unable to ascertain whether the trial court had properly considered the motion. Id. at ¶ 10. As such, the appellate court found that the trial court's denial of the surety's motion was arbitrary and an abuse of discretion. Id.
 {¶ 21} In Hardin, 2003-Ohio-7263, however, this court held that it is not an abuse of discretion to fail to hold a hearing on R.C. 2937.39
motions for bond remittance when no request for a hearing was made and the sureties "simply made bare allegations that *Page 8 
they were entitled to relief without further elucidation."Hardin, ¶ 14. Furthermore, having found that there was support in the record for the trial courts' decisions, the majority held that the trial courts did not abuse their discretion by failing to set forth their findings, or the rationale they used, when denying the motions.
 {¶ 22} In this case, however, we find that the evidence presented does not support a denial of Walmatt's motion. Although Call failed to appear at trial and absconded to Maine, Walmatt was instrumental in securing Call for return to Ohio. There was no evidence submitted by the prosecution concerning any inconvenience, expense, delay, or prejudice to the prosecution caused by the accused's disappearance. Accordingly, without a hearing, without findings by the court, and without the support of the record, we are unable to find that the trial court considered the factors set forth in Am. Bail Bond Agency, supra, 712-713, when determining Walmatt's R.C. 2937.39 motion for bond remittance. Accordingly, we find that the trial court's denial of Walmatt's motion was arbitrary and an abuse of the trial court's discretion. Appellant's second assignment of error is found well-taken.
 {¶ 23} For the reasons stated, this court finds that substantial justice was not done Walmatt and hereby order the July 31, 2008 judgment the Toledo Municipal Court be vacated and reversed. In accordance with this decision, this case is ordered remanded to the Toledo Municipal Court for further consideration of Walmatt's motion. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's *Page 9 
expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR.
[1] The trial court's entry was journalized on July 31, 2008. *Page 1