[Cite as *State v. McQuay*, 2011-Ohio-6709.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24673 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-168 |
| v. | : | |
| | : | |
| LENNON L. McQUAY | : | (Criminal Appeal from Vandalia |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . . . .

JOE CLOUD, Atty. Reg. #0040301, Vandalia Municipal Prosecutor's Office, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
        Attorney for Plaintiff-Appellee

JAMES W. SKOGSTROM, Atty. Reg. #0012000, 2 West Columbia Street, Suite 200, Post Office Box 1404, Springfield, Ohio 45501
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} The John Craven General Agency, Inc. ("Craven"), appeals from the trial court's denial of its April 2011 motion for return of a forfeited bail bond. In its sole assignment of error, the Agency contends "[t]he trial court erred and abused its discretion when it failed to grant remission of the bond to appellant."

{¶ 2}   The record reflects that a $5,000 surety bond was posted to assure the appearance of defendant Lennon L. McQuay at future proceedings.[1] After McQuay failed to appear for a scheduled hearing, the trial court gave Craven notice of its intent to hold a hearing regarding forfeiture of the $5,000. Craven requested a continuance to allow more time to locate McQuay. The trial court denied the motion and ordered Craven to appear and show cause regarding forfeiture. Craven subsequently failed to show cause and forfeited the $5,000 on April 1, 2011. Thereafter, on April 18, 2011, Craven filed a motion for return of the money. In a memorandum accompanying the motion, Craven asserted that its agents had apprehended McQuay in North Carolina and had returned him to the Montgomery County Jail, where he remained incarcerated. The following day, McQuay pled guilty to a reduced charge of assault and received probation. On April 26, 2011, Craven renewed its pending motion for return of the money. The trial court overruled the motion on May 6, 2011. The trial court's full decision and entry states:

{¶ 3}   "This matter is before the Court on the Motion for Return of Bond filed herein. Pursuant to Ohio Revised Code §2937.36 the surety bond is required to be paid in full unless the Defendant is brought before the Court within thirty (30) days from the date Defendant failed to appear for court. The Defendant failed to appear for Pretrial on February 28, 2011, and was not brought before the Court until April 13, 2011.

---

[1]The bond was posted by Sharon Belcher, a   representative of John Craven Bail Bonds (apparently a "dba" for appellant John Craven General Agency, Inc.), acting as attorney-in-fact for American Contractors Indemnity Company.

{¶ 4} "Movant's Motion is not well-taken and is hereby DENIED."

{¶ 5} On appeal, Craven primarily argues that the trial court erred in relying on R.C. 2937.36, which addresses the forfeiture of bail, to deny its motion for the return or remission of bail, which is governed by a different statute, R.C. 2937.39. Craven also complains that the trial court failed to afford it an opportunity to be heard on its motion through the submission of evidence or testimony. In response, the State argues that a hearing was neither required nor requested on Craven's motion. The State further asserts that various facts and circumstances support the denial of Craven's motion. As a result, the State insists that no abuse of discretion has been shown.

{¶ 6} We review a trial court's disposition of a motion to remit forfeited bail for an abuse of discretion. *State v. Thornton*, Montgomery App. No. 20963, 2006-Ohio-786. In ruling on such a motion, a trial court need not always hold an evidentiary hearing, particularly when a surety fails to request one. *State v. Hardin*, Lucas App. Nos. L-03-1131, L-03-1132, L-03-1133, 2003-Ohio-7263, ¶12. In exercising its discretion, however, a trial court should consider various factors. *State v. Delgado*, Clark App. No. 2003-CA-28, 2004-Ohio-69, ¶13-16. These factors, which we set forth in *Delgado*, generally relate to the circumstances surrounding the ultimate appearance of the defendant, the State's inconvenience, expense, and delay, as well as the willfulness of the bond violation. Id. "Ohio's appellate districts 'uniformly require trial courts to consider and weigh [these] various factors in order to reconcile the purposes of both bail and bond remission.'" Id. at ¶15, quoting *State v. Jackson*, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶9. In *Delgado*, this court found an

abuse of discretion where the trial court denied a motion for bond remission without evaluating the relevant factors. In that case, the trial court overruled the motion based solely on a finding that a surety assumes the risk of forfeiting bail. Id. at ¶18-19. Finding reversible error, this court reasoned:

{¶ 7} "The risk of forfeit is inherent in any bail situation, however, and remission is only at issue if the surety fails to timely produce a defendant. If trial courts only had to consider which party bore the risk of non-production, there would be no reason to entertain motions for remission. The balancing test requires courts to do more, by mandating that they evaluate and weigh various factors. Because the trial court in the present case failed to comply with these requirements, its decision was necessarily arbitrary, and was an abuse of discretion." Id. at ¶19.

{¶ 8} The trial court committed a similar error here. As set forth above, it relied on R.C. 2937.36 to find bond remission inappropriate. R.C. 2937.36 provides, inter alia, that after a defendant fails to appear the court must notify the surety and give it an opportunity to show cause why judgment should not be entered for bail forfeiture. *Delgado*, at ¶12. One way for a surety to show cause is to produce the defendant within a certain number of days. R.C. 2937.36(C).[2] Failure to show cause results in judgment being entered against the surety for bail forfeiture. Id.

{¶ 9} The parties agree that Craven failed to show cause why judgment should not be entered on the forfeiture. As a result, the $5,000 bail was forfeited. The issue raised by Craven's motion for return of the forfeited funds, however, concerned

---

[2]At the time of the trial court's ruling, a surety had no more than thirty days from the mailing of the show-cause notice to bring the defendant before the court to avoid entry of judgment for bail forfeiture. That time recently was extended to sixty days through an amendment to R.C. 2937.36.

whether it was entitled to relief from the judgment of forfeiture. Craven brought its motion under R.C. 2937.39, which authorizes remission of forfeiture. It states: "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." As set forth above, this court has directed trial courts to consider various factors when exercising their discretion to remit forfeited bail under R.C. 2937.39.

{¶ 10} In its analysis, the trial court denied remission under R.C. 2937.39 based solely on a finding that its judgment of forfeiture had been proper under R.C. 2937.36. But Craven's failure to avoid the entry of judgment on the bail forfeiture has no bearing on whether it is entitled to remission under R.C. 2937.39. Every motion for remission presupposes a proper judgment of forfeiture. See R.C. 2937.39 (providing that the opportunity for remission arises"[a]fter judgment has been rendered against surety"). In short, the trial court erred by refusing to give consideration to return of the forfeited bail simply because the money properly had been forfeited. On remand, the trial court should exercise its discretion by evaluating Craven's motion in light of the factors this court identified in *Delgado*, supra.[3]

{¶ 11} Craven's assignment of error is sustained. The judgment of the

---

[3]With regard to the remission factors, "[t]he court itself should know what costs and inconvenience the court incurred. However, because the cost and inconvenience to the State involves facts peculiarly within the State's knowledge, and is susceptible to proof by the State because of that peculiar knowledge, the State should be required to offer evidence showing what costs and inconvenience it incurred. Any omission to produce important and relevant evidence in its possession raises a presumption that, if produced, such evidence would be unfavorable to the State. * * * On remand, though the surety bears the ultimate burden of proof on its request to remit a portion of the forfeited bond, the court should require the State to come forward with evidence in its possession relevant to prove the cost and inconvenience incurred by the State, its witnesses, and law enforcement authorities." *Thornton*, at ¶19-20 (Grady, J., concurring).

Vandalia Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Joe Cloud
James W. Skogstrom
Hon. Cynthia M. Heck