[Cite as *State v. Cheadle*, 2012-Ohio-2965.]

IN THE COURT OF APPEALS FOR DARKE COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                      :               C.A. CASE NO.    2011 CA 19

v.                                                       :               T.C. NO.    10 CRB 01 1067

LEONA CHEADLE                              :               (Criminal appeal from
                                                                           Municipal Court)

     Defendant-Appellant                    :

                                                         :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____29th_____ day of _____June_____, 2012.

· · · · · · · · · ·

CAMILLE L. BAKER, Atty. Reg. No. 0063584, 100 Public Square, Suite 240, Greenville, Ohio 45331
     Attorney for Plaintiff-Appellee

MARK J. KELLER, Atty. Reg. No. 0078469, 130 West Second Street, Suite 840, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

    **{¶ 1}**    Breezy Bail Bonds, Inc. appeals from the trial court's denial of its motion to

remit a forfeited bail bond.  For the following reasons, the trial court's judgment will be reversed, and the matter remanded for a hearing on the motion, if necessary, and for evaluation of the motion using the relevant factors.

I.

{¶ 2}    In December 2010, Leona Cheadle was charged with assault.  After Cheadle failed to appear for trial in May 2010, the court issued a bench warrant for her arrest; Cheadle was apparently apprehended shortly thereafter.  On June 1, 2011, Breezy Bail Bonds posted a $3,000 surety bond to assure Cheadle's appearance on June 7, 2011.  Cheadle also failed to appear on June 7, and another bench warrant was issued.  The court also ordered that the $3,000 bond be forfeited if Cheadle were not brought before the court within 30 days.  Cheadle was not brought before the court within that time period, and the bond was ordered forfeited.

{¶ 3}    Breezy Bail Bonds states in its appellate brief that it continued to look for Cheadle and discovered that she had fled to Texas.  Breezy Bail Bonds "learned September 6, 2011 that she returned to Darke County, Ohio.  The Surety contacted local law enforcement and notified them of Defendant's whereabouts.  The Surety attempted but was unsuccessful in arresting the Defendant.  On September 7, 2011, after a police standoff, Defendant was arrested at the address the Surety provided to them."

{¶ 4}    On September 21, 2011, Cheadle was found guilty on her no contest plea to assault.  The court sentenced her to 180 days in jail, with one day suspended on the condition that she complete five years of probation; Cheadle was also ordered to pay costs and fees totaling $251.

**{¶ 5}** Breezy Bail Bonds subsequently filed a motion to remit the bond forfeiture. In its motion, the surety described the efforts that it took to locate and apprehend Cheadle and argued that Cheadle was apprehended due to those efforts (both before and after the bond forfeiture) and its assistance to law enforcement. The following day, the trial court summarily denied the motion, stating, in its entirety, "This matter is before the court on Defendant's Motion to Remit Bond Forfeiture. Said motion is not well-taken and is hereby denied."

**{¶ 6}** Breezy Bail Bonds appeals from the denial of its motion.

II.

**{¶ 7}** In its sole assignment of error, Breezy Bail Bonds claims that "[t]he Trial Court abused its discretion by summarily denying the Surety's Motion to Remit Bond Forfeiture." The surety argues that the trial court should have held a hearing and applied a balancing test to determine whether to remit the bail bond.

**{¶ 8}** When a defendant fails to appear as required, the trial court may enter a judgment against a surety for bail forfeiture. R.C. 2937.35; R.C. 2937.36. If the accused later appears, surrenders, or is re-arrested, the trial court may remit, in whole or in part, the forfeiture of the bail bond. R.C. 2937.39.

**{¶ 9}** In reviewing a motion to remit forfeited bail, the trial court should consider various factors, including (1) the circumstances surrounding the ultimate appearance of the defendant, including the timing and voluntariness of the reappearance, (2) the inconvenience, delay, expense, or other prejudice suffered by the State, (3) the willfulness of the violation, including, for example, the defendant's reasons for failing to appear and any

prior failures to appear, and (4) any other mitigating circumstances, including whether the surety helped to secure the defendant's reappearance. *See*, *e.g.*, *State v. McQuay*, 2d Dist. Montgomery No. 24673, 2011-Ohio-6709, ¶ 6, citing *State v. Delgado*, 2d Dist. Clark No. 2003-CA-28, 2004-Ohio-69; *Youngstown v. Durrett*, 7th Dist. Mahoning No. 09 MA 57, 2010-Ohio-1313, ¶ 21. "[R]egardless of the circumstances under which the forfeiture [was] declared, it may be set aside if it appears that justice does not require its enforcement." *State v. Thornton*, 2d Dist. Montgomery No. 20963, 2006-Ohio-786, ¶ 13, citing *State v. Patton*, 60 Ohio App.3d 99, 573 N.E.2d 1201 (6th Dist.1989).

{¶ 10} A trial court typically must conduct an evidentiary hearing on a motion for remission of the forfeited bond in order to apply these factors. However, the court need not always conduct a hearing, particularly when the surety fails to request one. *McQuay* at ¶ 6. We review the trial court's decision on a motion to remit forfeited bail for an abuse of discretion. *Thornton* at ¶ 13.

{¶ 11} In this case, the court did not provide any explanation for denying, in whole, Breezy Bail Bond's motion to remit bond forfeiture. Although the surety's motion described the circumstances surrounding Cheadle's recapture in September 2011, the trial court did not conduct a hearing, and the record is not well-developed on any of the factors that were to govern the trial court's decision on the surety's motion. The trial court's conclusion to deny remission may ultimately prove to be appropriate; however, it is not apparent from the record that the trial court applied the relevant factors in reaching its conclusion.

{¶ 12} Breezy Bail Bond's assignment of error is sustained.

III.

{¶ 13} The trial court's denial of Breezy Bail Bond's motion to remit bond forfeiture is reversed, and the matter is remanded for a hearing on that motion, if necessary, and for evaluation of the motion using the relevant factors.

. . . . . . . . . .

FAIN, J. and CANNON, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Camille L. Baker
Mark J. Keller
Hon. Julie L. Monnin