[Cite as *State v. Salaam*, 2018-Ohio-4815.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| NAJMUDDEEN SALAAM | : | | |
| | : | | |
| Defendant | : | | Case No. 18 CAA 08 0060 |
| | : | | |
| UNIVERSAL INSURANCE COMPANY | : | | |
| | : | | |
| Movant-Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 16 CR-I-05-0250

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                December 3, 2018

APPEARANCES:

For Plaintiff-Appellee                  For Universal Insurance Company

DOUGLAS N. DUMOLT                       J. DAVID INGERSOLL
140 North Sandusky Street               P.O. Box 14386
Third Floor                             Cleveland, OH  44114
Delaware, OH  43015

*Wise, Earle, J.*

{¶ 1} Movant-Appellant, Universal Insurance Company, appeals the July 25, 2018 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying its motion to remit bond.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 25, 2016, the Delaware County Grand Jury indicted the defendant, Najmuddeen Salaam, on drug related offenses.  The defendant was arraigned and bail was set at $150,000.

{¶ 3} On June 3, 2016, E-Bail Bonds LLC issued a $150,000 bond to secure the defendant's release.  Accompanying the bond was a power of attorney by appellant authorizing E-Bail Bonds as its executing agent to issue the bond.

{¶ 4} A plea hearing was scheduled for October 10, 2016, with a trial to commence the following day if appellant did not go through with changing his plea.  On October 7, 2016, appellee filed a motion to revoke bond after discovering that the defendant had removed his GPS monitoring device and his whereabouts were unknown.  The trial court granted appellee's motion to revoke bond, and issued an arrest warrant on same date.

{¶ 5} Defendant failed to appear for the plea hearing and the trial.  On October 10, 2016, appellee filed a motion to forfeit bail.  By judgment entry filed October 11, 2016, the trial court forfeited the bond and set a show cause hearing for November 28, 2016.  Appellant failed to produce the defendant for the hearing.  By judgment entry filed November 28, 2016, the trial court entered judgment against appellant for $150,000, but permitted appellant to pay $15,000 per month until the defendant was

arrested or until the entire judgment was paid in full. Appellant paid each month starting on December 15, 2016, with the final payment made on September 14, 2017.

{¶ 6} On July 23, 2018, appellant filed a motion to remit bond judgment. Appellant argued it had continued to look for the defendant, and learned the defendant had been shot and killed on March 28, 2018. By judgment entry filed July 25, 2018, the trial court denied the motion.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 8} "THE TRIAL COURT ERRED BY REFUSING TO CONSIDER REMISSION OF BOND MONEY PAID UNLESS DEFENDANT APPEARED, SURRENDERED, OR WAS REARRESTED, ALL OF WHICH WERE IMPOSSIBLE DUE TO DEFENDANT'S DEATH."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.

*Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶ 12} In its sole assignment of error, appellant claims the trial court erred in denying its motion to remit bond judgment. We disagree.

{¶ 13} The decision to remit a bond forfeiture rests in the trial court's sound discretion. *State v. Hardin,* 6th Dist. Lucas Nos. L-03-1131, L-03-1132, and L-03-1133, 2003-Ohio-7263. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 14} R.C. 2937.39 governs remission of penalty and states the following:

After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the

amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

{¶ 15} In its motion filed July 23, 2018, appellant requested the return of the $150,000 minus any costs and penalties for the "efforts and expense expended in attempting to locate and surrender this defendant to the Court."

{¶ 16} In its July 25, 2018 judgment entry, the trial court denied appellant's motion to remit any amount of the bond, stating the following:

I am not willing to return the forfeited bail to Universal now. Remission – that is, the return of forfeited bail – is, according to R.C. 2937.39, an option for the court "on the appearance, surrender, or rearrest" of an accused defendant who had been released on bail. None of those preconditions for the possible remission of bail have been met in this case.

{¶ 17} As appellant argues in its appellate brief at 8, "this appeal presents a matter of first impression, to wit, what effect does the death of a Defendant have when the bonding company seeks remission of a bond it has already paid." Appellant argues the defendant's death was "an act of God," thus rendering the performance of returning the defendant to the jurisdiction of the trial court impossible.

{¶ 18} After having paid the bond in full, appellant continued to attempt to locate and return the defendant. After discovering that the defendant was deceased, appellant

states it notified the trial court and appellee dismissed the case. Appellant argues its "work in determining Defendant was deceased mitigated prejudice the prosecution otherwise would have suffered. Notice of Defendant's demise permitted the prosecution to dismiss the proceedings and permitted the trial court to close out the case." Appellant's Brief at 9. We note there is nothing in the record to indicate what caused appellee to move to dismiss the case, whether it was because of information provided by appellant or another agency or source.

{¶ 19} The language of R.C. 2937.39 is clear and unambiguous: a trial court may remit all or a portion of a forfeited bond "on the appearance, surrender, or rearrest of the accused." The statute does not contemplate the subsequent death of the accused. We note the defendant in this case died over one year and five months after his failure to appear, one year and four months after forfeiture judgment, and 196 days after the final payment was made.

{¶ 20} Appellant argues in determining whether to remit a forfeited bond, a trial court should consider "(1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited." *Hardin, supra,* at ¶ 10.

{¶ 21} In *City of Fairfield v. Lopez,* 12th Dist. Butler No. CA2017-08-121, 2018-Ohio-914, the Twelfth District reviewed a case wherein a surety's motion to remit bond

was denied.  The bond had been forfeited after the defendant failed to appear because he had been deported back to Mexico.  In seeking a remission of the bond, the surety argued it was impossible to return the defendant by an act of law i.e., immigration laws.  On appeal, the surety argued in part that the trial court failed to consider the factors listed above.  The appellate court concluded because the defendant at the time of moving for remission, "had not reappeared or surrendered and had not been rearrested on the charges[,]" the trial court did not err in denying the surety's motion for remission of the bond forfeiture.  *Id.* at ¶ 19.  The court at ¶ 20 determined, "a trial court need not conduct an analysis of the remission factors where, as we found above, the requirements for consideration of remitting a bond forfeiture pursuant to R.C. 2937.39 are not met."

{¶ 22} As is the case sub judice, none of the requirements under R.C. 2937.39 were met.

{¶ 23} Upon review, we find based on the circumstances of this case, the trial court did not abuse its discretion in denying appellant's motion to remit bond judgment.

{¶ 24} The sole assignment of error is denied.

{¶ 25} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.

EEW/db 1114