[Cite as *State v. Miller*, 2016-Ohio-7360.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :

  - vs -                                 :

MICHAEL JASON MILLER,                   :

    Defendant-Appellant.                :

CASE NO.  CA2016-01-007

O P I N I O N
10/17/2016

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-04-0645

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Clyde Bennett II, 119 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, P.J.**

{¶1}    Defendant-appellant, Michael J. Miller, appeals from the decision of the Butler County Court of Common Pleas denying both his petition for postconviction relief ("PCR") and a motion to withdraw his guilty plea to aggravated murder.

{¶2}    On April 19, 2015, law enforcement arrested Miller for a murder that occurred the day before. On April 29, 2015, the Butler County Grand Jury returned a two-count indictment charging Miller with aggravated murder and aggravated robbery. The following

day, as part of a plea bargain, Miller pled guilty to aggravated murder and the trial court sentenced him to life in prison without the possibility of parole.

{¶3} Miller did not file a direct appeal of his conviction. However, on October 27, 2015, Miller filed a petition for postconviction relief pursuant to R.C. 2953.21 and a motion to withdraw his plea pursuant to Crim.R. 32.1, alleging that, due to the ineffective assistance of trial counsel, Miller did not enter his plea knowingly, intelligently, and voluntarily. Miller supported his PCR petition and motion to withdraw with his affidavit. In his affidavit, Miller argued his two retained attorneys were ineffective by failing to obtain discovery and coercing him into pleading guilty, he signed the plea form without reading it, and he was high on OxyContin and Xanax at the time of his arrest and experienced severe withdrawal symptoms at the time of the plea hearing. The trial court dismissed both the petition and motion without conducting an evidentiary hearing. Miller appeals the trial court's decision, presenting a single assignment of error for review.

{¶4} Assignment of Error No. 1:

{¶5} THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING AND FAILING TO SUSTAIN [MILLER'S] MOTION TO SET ASIDE AND VACATE THE SENTENCE AND MOTION TO WITHDRAW PLEA.

{¶6} In his sole assignment of error, Miller argues the trial court erred by denying his PCR petition and his postsentence motion to withdraw his guilty plea. Specifically, Miller challenges the trial court's refusal to hold an evidentiary hearing. The trial court found that Miller failed to set forth substantive grounds to warrant a hearing pursuant to R.C. 2953.21 and that no manifest injustice existed to make the withdrawal of Miller's guilty plea necessary pursuant to Crim.R. 32.1.

{¶7} "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281

(1999). In reviewing both a PCR petition and a postsentence motion to withdraw plea, this court applies an abuse of discretion standard. *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10; *State v. Pringle*, 12th Dist. Brown No. CA2015-08-023, 2016-Ohio-1149, ¶ 5. "A review under the abuse-of-discretion standard is a deferential review." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. An abuse of discretion is more than an error of law or judgment. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. A decision is unreasonable where a sound reasoning process does not support it. *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). Whereas, arbitrary means "'without adequate determining principle; * * * not governed by any fixed rules or standard[, and] 'unreasonable' means 'irrational.'" *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96, 1379 (5th Ed.1979).

{¶8} A defendant who seeks to withdraw a guilty plea postsentence has the burden of establishing the existence of manifest injustice. Crim.R. 32.1; *see also State v. Smith*, 49 Ohio St.2d 261, 264 (1977). Generally, a manifest injustice is a "fundamental flaw in the proceedings" that results in a miscarriage of justice or is inconsistent with the demands of due process, and only in extraordinary cases will a postsentence withdrawal motion be allowable. *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 11, citing *Smith* at 264. "A trial court need not hold an evidentiary hearing on every postsentence motion to withdraw a guilty plea." *Williams* at ¶ 14, citing *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Williams* at ¶ 13, citing *Smith* at paragraph two of the syllabus.

{¶9} R.C. 2953.21 governs PCR petitions and likewise does not guarantee an evidentiary hearing. Rather, "the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *State v. Watson*, 126 Ohio App.3d 316, 324 (12th Dist.1998); *see also* R.C. 2953.21(C). Thus, before a court grants a hearing, the petitioner bears the initial burden to show that the claimed errors resulted in prejudice. *Vore* at ¶ 11.

{¶10} When ineffective assistance of counsel is the alleged error underlying a PCR petition or a motion to withdraw a guilty plea, the defendant must show (1) a deficiency in his trial counsel's performance, and (2) that there is a reasonable probability that, but for his trial counsel's errors, he would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Stickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 56 (stating ineffective assistance of counsel is an appropriate basis for seeking a postsentence withdrawal of a guilty plea). Miller alleged his trial counsel was deficient because he pled guilty twelve days after his arrest, failed to provide Miller with discovery, coerced Miller to plead guilty, and permitted him to do so even though Miller was suffering from drug withdrawals.

{¶11} In support of these arguments, Miller submitted his own affidavit, which the trial court found to be incredible and self-serving. *See State v. Blankenburg*, 12th Dist. Butler No. CA2013-11-197, 2014-Ohio-4621, ¶ 31 (stating a trial court is entrusted to make the determination of whether to accept an affidavit in support of a PCR petition as true). Furthermore, "[t]he trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Calhoun*, 86 Ohio St.3d at 284. "That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice." *Id.*

{¶12} In making this determination, the trial court should consider all the relevant factors, including (1) whether the judge reviewing the petition also presided at the proceeding, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at the proceeding. *Id.* at 285. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.*

{¶13} In finding Miller's affidavit lacked credibility, the trial judge noted that at the plea hearing both defense counsel and Miller were subject to meticulous inquiry before engaging in the plea colloquy. The court further noted the thoroughness of this examination, in which Miller himself indicated he had sufficient time to have frank discussions and consultation with counsel, he had reviewed the discovery and legal documents with his attorneys, he believed entering a plea of guilty was the best course of action for him, and he was certain he wished to plead guilty. Following this discussion, the trial court proceeded to the plea colloquy where Miller informed the court he was not under the influence of any drugs or medications and he was satisfied with his counsel, who had done everything they could for him as well as answered all of his questions. The trial judge found the affidavit submitted in support of Miller's PCR petition and motion to withdraw plea largely contradicted the trial court's dialogue with Miller before and during the acceptance of Miller's plea.

{¶14} Based upon these factors, the trial court determined that Miller's affidavit was self-serving and "insufficient to rebut a record that clearly demonstrates a knowingly, intelligently, and voluntarily entered guilty plea." The court further stated, "[it] is clear * * * that the actual record of the in-court proceedings from April 30, 2015, defeats, contradicts,

- 5 -

and exposes [Miller's] self-serving [a]ffidavit as incredible." (Emphasis sic.) After a thorough review of the record, we find no error in the trial court's decision. In so holding, we note "Ohio courts have consistently held that affidavits from interested parties such as defendants, co-defendants, and family members are self-serving and may be discounted." *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 17. In addition, typically, a self-serving affidavit is insufficient to establish a manifest injustice.[1] *Degaro*, 2009-Ohio-2966 at ¶ 11.

{¶15} Therefore, because we find no error in the trial court's decision that Miller's affidavit lacked credibility, Miller has failed to show substantive grounds for relief pursuant to R.C. 2953.21 and that manifest injustice existed to make a withdrawal of his plea necessary pursuant to Crim.R. 32.1. Specifically, Miller has failed to show his PCR petition or motion to withdraw plea warranted a hearing because he has not demonstrated a deficiency in his trial counsel or any prejudice from an alleged deficiency. Moreover, Miller has failed to show there is a reasonable probability he would have not otherwise pled guilty but for any alleged errors. Therefore, the trial court did not abuse its discretion in denying Miller's PCR petition and motion to withdraw plea.

{¶16} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.

---

1. To clarify, a defendant's affidavit in a case such as this will always be "self-serving" in the sense that it supports the relief the defendant seeks. The affidavit is not disqualified merely because it is "self-serving." Rather, an affidavit properly characterized as "self-serving" is subject to the analysis established by the Ohio Supreme Court in *Calhoun* to determine the weight to which it is entitled. *Calhoun* at 285.