[Cite as *Fairfield v. Lopez*, 2018-Ohio-914.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| CITY OF FAIRFIELD, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-08-121 |
| | : | O P I N I O N |
| - vs - | | 3/12/2018 |
| | : | |
| ALFONSO JUAREZ LOPEZ, et al., | : | |
| Defendants-Appellants. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2016TRC2778

Clemmons & Wolterman Law Firm, LLC, Stephen J. Wolterman, Patrick R. Oelrich, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for plaintiff-appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, Greg Porter, 5103 Plainfield Road, Fairfield, Ohio 45014, for defendant-appellant

**RINGLAND, J.**

{¶ 1}  Appellant, Leticia Palmer, appeals from the decision of the Fairfield Municipal Court denying her motion for remission of bond forfeiture, and in the alternative, motion for relief from judgment.  For the reasons discussed below, we affirm in part, reverse in part, and remand the matter for further proceedings.

{¶ 2}  On November 13, 2016, Alfonso Juarez Lopez was arrested and charged with

single misdemeanor counts of operating a vehicle while impaired, stopping after an accident, driver's license required, and assured clear distance. Lopez was arraigned on November 16, 2016 and the municipal court set bond at $3,500. Upon the request of Lopez, the municipal court continued the case until November 30, 2016 and set a pretrial hearing for the same date. On November 16, 2016, Palmer signed as surety for Lopez on the $3,500 recognizance bond and the municipal court issued a release from jail for Lopez. The pretrial hearing was continued to December 7, 2016 upon Lopez's request.

{¶ 3} On December 7, 2016, Lopez failed to appear for the pretrial hearing and the municipal court issued a bench warrant. The municipal court sent Palmer a letter informing her Lopez failed to appear for the pretrial hearing. The letter stated Palmer had 45 days from the date of the missed court appearance to either produce the body of Lopez or make a check payable to the Fairfield Municipal Court in the amount of $3,500. The letter further informed Palmer that the court set a hearing for the matter on February 16, 2017. Neither Palmer nor Lopez appeared at the hearing and the municipal court ordered the bond forfeited.

{¶ 4} On June 14, 2017, Palmer filed a motion for remission of forfeiture pursuant to R.C. 2937.39, or in the alternative, a motion for relief from judgment pursuant to Civ.R. 60(B). Palmer asserted in her motion that immediately after posting bond, United States Immigration and Customs Enforcement ("ICE") filed an immigration detainer for Lopez and he was placed in ICE's legal custody before leaving Butler County Jail. On November 23, 2016, ICE "gave notice of its intent to reinstate * * * Lopez's previous deportation to Mexico." Lopez was deported to Mexico without being released from ICE's custody on an unknown date.

{¶ 5} The municipal court held a hearing on Palmer's motion on July 13, 2017. The hearing contained the following discussion between Palmer's counsel and the municipal court:

THE COURT: * * * So you're asking me to * * * unforfeit a bond, but yet the Defendant is not here?

[PALMER'S COUNSEL]: Correct, Judge.

THE COURT: What is the purpose of bond, Counselor?

[PALMER'S COUNSEL]: To assure the appearance of * * * the Defendant in court.

THE COURT: Right. And if the Surety is foolish enough to post a bond for someone who is in the country illegally, then it's on the Surety.

Then, Palmer's counsel briefly discussed the defense of impossibility. The municipal court stated Lopez "was to be released on this charge. If he has issues with the Feds because of his immigration status, that's up to [Palmer] to investigate", "[i]f someone was foolish enough to post a bond for someone who is in the country illegally, that's their risk, it's not the Court's risk." At the conclusion of the hearing, the municipal court denied Palmer's motion.

{¶ 6} The present appeal followed.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION WHEN, AFTER MISSTATING THE LAW, IT DENIED THE SURETY'S REQUEST FOR REMISSION OF THE BOND FORFEITURE WITHOUT CONSIDERING THE COMMON LAW DEFENSE OF IMPOSSIBILITY AND WITHOUT BALANCING ANY OF THE FACTORS ENUNCIATED IN THE CASE LAW.

{¶ 9} Assignment of Error No. 2:

{¶ 10} WHETHER THE APPELLANT'S MOTION * * * WAS CONSTRUED AS A MOTION FOR RELIEF FROM JUDGMENT OR A MOTION UNDER R.C. 2[9]37.39, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FIRST GRANTED A HEARING ON THE MOTION AND THEN DENIED THE MOTION WITHOUT HEARING EVIDENCE.

{¶ 11} Palmer contends the municipal court erred in denying her motion because

production of Lopez's body was rendered impossible by an act of law. Palmer further contends the municipal court erred by failing to consider certain relevant factors before deciding whether to remit all or part of the bond forfeiture under R.C. 2937.39. Palmer argues the municipal court further erred by rendering its decision without first asking if she intended to present evidence.

{¶ 12} We review the municipal court's denial of Palmer's motion for remission of bond forfeiture and motion for relief from judgment for an abuse of discretion. *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 8; *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 28.

{¶ 13} The purpose of bail is to ensure the accused's presence in court at all stages of the proceedings. *Crosby* at ¶ 23. A "recognizance" is a "written undertaking by one or more persons to forfeit the sum of money set by the court * * *, if the accused is in default appearance." R.C. 2937.22(A)(3). A surety bond is a form of recognizance. R.C. 2937.281. "[A] surety bond is a contract that is subject to the rules governing the performance of contracts * * *." *Berry* at ¶ 11. Crim.R. 46(I) states, in pertinent part, that "[a]ny person who fails to appear before any court as required is subject to the punishment provided by the law, and *any bail given for the person's release may be forfeited* * * *." (Emphasis added.) Thus, where a surety bond serves as a recognizance, it "is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." *Berry* at ¶ 9.

{¶ 14} R.C. 2937.35, which is entitled "forfeit of bail" states:

> Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

R.C. 2937.36, which governs forfeiture proceedings, states in pertinent part:

> Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
>
> * * *
>
> (C) As to recognizances the magistrate or clerk shall notify the accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them * * *.

{¶ 15} R.C. 2937.36(C) provides, by implication, "that a surety may be exonerated if good cause 'by production of the body of the accused or otherwise' is shown." (Emphasis omitted.) *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986), quoting R.C. 2937.36(C). Thus, pursuant to R.C. 2937.36(C), production of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant. *State v. Holmes*, 57 Ohio St.3d 11, 13 (1991).

{¶ 16} Palmer argues that the municipal court failed to hold a "show cause" hearing as proscribed by R.C. 2937.36(C) because the docket transcript referred to the hearing as a "bond absolute" hearing and the letter did not contain language of conditional forfeiture. Therefore, the hearing was an opportunity to produce the body of Lopez, but not a "true show cause hearing."

{¶ 17} The municipal court sent Palmer a letter informing her that Lopez failed to appear on December 7, 2016 for the scheduled pretrial hearing. It informed her that she had 45 days from the date of the missed court appearance to either produce the body of Lopez or make a check payable to the Fairfield Municipal Court in the amount of $3,500. The letter further informed her that the court set a hearing for the matter on February 16, 2017. Neither Palmer nor Lopez appeared at the hearing and the municipal court ordered the bond

forfeited.

{¶ 18}   While the letter did not directly quote R.C. 2937.36(C), it did provide notice of the necessary information required by the statute.   The letter notified Palmer that Lopez failed to appear on December 7, 2016, provided the deadline by which she must produce the body of Lopez and that she would incur a monetary penalty in the amount of the posted bond upon her failure to do so, and that a hearing on the matter was set for February 16, 2017. Palmer did not attend the February 16, 2017 hearing, and thus, failed to show good cause why judgment should not have been entered against her.

{¶ 19}   After the municipal court entered judgment against her, Palmer filed her motion for remission of the bond forfeiture and motion for relief from judgment.   Where a court properly complies with R.C. 2937.36, as we found above, there is no question that bond is properly forfeited.  *See State v. Dorsey*, 6th Dist. Lucas No. L-15-1289, 2016-Ohio-3207, ¶ 7. However, "[r]emission of bond is a wholly separate issue, to which R.C. 2937.36 has no bearing."  *Id.*  R.C. 2937.39 provides:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *.

Thus, "R.C. 2937.39 provides for post-appearance remission of forfeiture."   *Toledo v. Gaston*, 188 Ohio App.3d 241, 2010-Ohio-3217, ¶ 53 (6th Dist.).   At the time of moving for remission, Lopez had not reappeared or surrendered and had not been rearrested on the charges.   Therefore, the municipal court did not err in denying Palmer's motion for remission of the bond forfeiture.

{¶ 20}   Palmer contends the municipal court erred by denying the remission motion without conducting an analysis of certain factors for remission.  *See State v. American Bail Bond Agency*, 129 Ohio App.3d 708, 712-13 (10th Dist.1998) (reciting factors for remission

analysis). Contrary to Palmer's argument, a trial court need not conduct an analysis of the remission factors where, as we found above, the requirements for consideration of remitting a bond forfeiture pursuant to R.C. 2937.39 are not met. Therefore, the municipal court did not abuse its discretion in denying Palmer's motion for remission of bond forfeiture.

{¶ 21} Next, we address Palmer's arguments with respect to her motion for relief from judgment pursuant to Civ.R. 60(B). A motion for relief from judgment is a cumulative remedy in bond forfeiture cases to statutory remission under R.C. 2937.39. *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 26-27. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate to the trial court that it satisfies each of the following elements: (1) a meritorious claim or defense, (2) entitlement to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) thru (5), and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 17. Relief from judgment may not be granted if the movant fails to satisfy any one of the three elements. *Id.*

{¶ 22} "It is well-established that a court does not have to conduct a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B)." *Hamilton v. Digonno*, 12th Dist. Butler No. CA2005-03-075, 2005-Ohio-6552, ¶ 16. When a trial court exercises its discretion and grants a hearing for a motion brought pursuant to Civ.R. 60(B), "any appeal taken from the court's order will * * * be decided upon * * * whether the evidence introduced at the hearing demonstrates that the party" established the three elements stated above. *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223 (8th Dist.1978), paragraph three of the syllabus.

{¶ 23} The municipal court granted a hearing on Palmer's motion for relief from judgment, but did not provide an opportunity for Palmer to present evidence in support of her

motion. Rather, the municipal court held a brief discussion with Palmer's counsel regarding the purpose of bond and the defense of impossibility. Next, the municipal court stated, "if the Surety is foolish enough to post a bond for someone who is in the country illegally, then it's on the Surety" because it was a matter for Palmer to investigate before posting bond. Palmer's motion requested a hearing to be held for the presentation of evidence and the arguments of counsel. The record does not indicate Palmer no longer intended to present evidence at the hearing. Therefore, the municipal court unreasonably made factual determinations and rendered judgment without hearing any evidence or argument on the grounds asserted for relief from judgment in Palmer's motion, thereby, abusing its discretion. *Jones v. Alvarez*, 12th Dist. Butler No. CA2006-10-257, 2008-Ohio-1994, ¶ 28-29.

{¶ 24} Accordingly, the municipal court's judgment is affirmed in part, reversed in part, and the matter is remanded for the sole purpose of holding an evidentiary hearing to determine if Palmer is entitled to relief pursuant to Civ.R. 60(B).

S. POWELL, P.J., and HENDRICKSON, J., concur.