[Cite as *State v. Wane*, 2020-Ohio-4874.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2020-01-010 |
| | | CA2020-01-011 |
| | : | CA2020-01-014 |
| - vs - | | CA2020-01-015 |
| | : | |
| | | O P I N I O N |
| SAFIETOU YOUHANIDOU WANE, | : | 10/13/2020 |
| et al., | | |
| | : | |
| Appellants. | | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case Nos. 2018CRB03900; 2019CRB00103

Clemmons & Wolterman Law Firm, LLC, Patrick R. Oelrich, Stephen J. Wolterman, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for appellee

Ray Robinson Law Co., L.P.A., Sandra M. Kelly, 6100 Oak Tree Blvd., Suite 200, Cleveland, Ohio 44131, for appellants

**S. POWELL, J.**

{¶ 1} Appellant, Allegheny Casualty Company ("ACC"), appeals the decisions of the Fairfield Municipal Court summarily denying its motions to set aside a bond forfeiture judgment and release it from liability or, alternatively, to remit bond, in two cases involving

defendant, Safietou Youhanidou Wane.[1]  For the reasons outlined below, we affirm the municipal court's decision in Case No. 2018CRB3900, reverse the municipal court's decision in Case No. 2019CRB00103, and remand for further proceedings.

**Petty Theft: Case No. 2018CRB3900**

{¶ 2}  On December 11, 2018, a complaint was filed with the municipal court charging Wane with petty theft.  The municipal court clerk assigned this Case No. 2018CRB3900.

{¶ 3}  On December 12, 2018, Wane was arraigned and the municipal court set bond at $5,000.  The next day, Daniel Seifu of Danny's Bail Bonds executed a recognizance; a surety bond in the amount of $5,000.  On the recognizance, Seifu identified himself as the surety and provided an address and phone number for Danny's Bail Bonds.  A limited power of attorney was also filed with the municipal court.  The power of attorney gave Seifu the authority to execute the recognizance and bind ACC as the responsible party on the $5,000 surety bond.  The power of attorney, however, did not give Seifu or any other representative of Danny's Bail Bonds the authority to accept service of process for ACC.  Specifically, as stated in the power of attorney, the power of attorney was limited as follows:

> Authority of such Attorney-in-Fact is limited to the execution of appearance bonds and cannot be construed to guarantee a defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearances.

{¶ 4}  On January 9, 2019, the matter was scheduled for a pretrial hearing. However, when Wane failed to appear at that hearing, the municipal court issued a bench warrant for Wane's arrest.

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

{¶ 5} On February 6, 2019, the municipal court sent a letter to Danny's Bail Bonds. The letter notified Danny's Bail Bonds that it had 45 days from the date of Wane's missed court appearance, January 9, 2019, to either produce Wane or make a check payable to the Fairfield Municipal Court in the amount of $5,000. The letter also notified Danny's Bail Bonds that the municipal court had scheduled the matter for a show cause hearing on March 28, 2019 for Danny's Bail Bonds to "accomplish the above." The record is devoid of any evidence indicating the municipal court sent any notice of the March 28, 2019 show cause hearing to ACC.

{¶ 6} On March 28, 2019, the municipal court held the previously scheduled show cause hearing. The record indicates that neither Wane nor anybody from either Danny's Bail Bonds or ACC appeared at this hearing. Following this hearing, the municipal court issued a judgment entry that ordered the $5,000 surety bond be forfeited.

{¶ 7} On April 5, 2019, the municipal court sent a letter to ACC that stated, in pertinent part, the following:

> Danny's Bail Bonds was given forty-five (45) days from the missed Court appearance to produce the body of [Wane] or make a check payable to the Fairfield Municipal Court in the amount of $5,000.00. The request was not accomplished by the hearing which was scheduled on March 28, 2019. No representative from Danny's Bail Bonds appeared or responded.

{¶ 8} The municipal court's letter also included a certified copy of its March 28, 2019 judgment entry ordering the $5,000 surety bond be forfeited.

### Contempt: Case No. 2019CRB00103

{¶ 9} On April 9, 2019, Wane was arrested on the outstanding bench warrant issued in Case No. 2018CRB3900. Following Wane's arrest, a complaint was filed with the municipal court charging Wane with contempt. The clerk assigned this Case No.

2019CRB00103.

{¶ 10} On April 16, 2019, Wane was arraigned and the municipal court set bond at $7,500. Later that day, Seifu, still of Danny's Bail Bonds, executed a recognizance on Wane's behalf; a surety bond in the amount of $7,500. On the recognizance, Seifu again identified himself as the surety and provided an address and phone number for Danny's Bail Bonds. A limited power of attorney was also filed with the municipal court. This power of attorney, just like the one filed in Case No. 2018CRB3900, gave Seifu the authority to execute the recognizance and bind ACC as the responsible party on the $7,500 surety bond, but not the authority to accept service of process for ACC.

{¶ 11} On May 22, 2019, the matter was scheduled for a pretrial hearing. However, when Wane failed to appear, the municipal court issued another bench warrant for Wane's arrest. The next day, the municipal court sent a letter to Danny's Bail Bonds. The letter notified Danny's Bail Bonds that it had 45 days from the date of the Wane's missed court appearance to either produce Wane or make a check payable to the Fairfield Municipal Court in the amount of $7,500. The letter also stated that the municipal court had scheduled the matter for a show cause hearing on July 11, 2019 for Danny's Bail Bonds to "accomplish the above." The record is devoid of any evidence indicating the municipal court sent any notice of the July 11, 2019 show cause hearing to ACC.

{¶ 12} On July 11, 2019, the municipal court held the previously scheduled show cause hearing. Just like the municipal court's March 28, 2019 show cause hearing in Case No. 2018CRB3900, the record indicates that neither Wane nor anybody from Danny's Bail Bonds or ACC appeared at this hearing. Following this hearing, the municipal court issued a judgment entry that ordered the $7,500 surety bond be forfeited. Unlike in Case No. 2018CRB3900, the record does not contain any evidence indicating the municipal court

provided notice to ACC that the bond had been forfeited.

**ACC's Motions for Remission of Bond Forfeiture and/or Relief from Judgment**

{¶ 13} On November 1, 2019, ACC filed motions in Case No. 2018CRB3900 and Case No. 2019CRB00103 requesting the municipal court set aside the bond forfeiture judgments and release it from liability or, alternatively, to remit bond in both cases.[2] The following is a summary of ACC's arguments raised in those two motions.

Petty Theft: Case No. 2018CRB3900

{¶ 14} In support of its motion filed in Case No. 2018CRB3900, ACC argued the municipal court erred by ordering the $5,000 surety bond be forfeited because Wane was then incarcerated in Hamilton County, and had been since July 3, 2019, thereby rendering it impossible for ACC to bring Wane before the municipal court. ACC also argued the municipal court erred by ordering the bond be forfeited because ACC mistakenly believed that the "bail bondsman and its attorney" were "defending the forfeiture," thus creating a "grave injustice" if the municipal court ordered the bond be forfeited.

Contempt: Case No. 2019CRB00103

{¶ 15} In support of its motion filed in Case No. 2019CRB00103, ACC argued the municipal court erred by ordering the $7,500 surety bond be forfeited for the same basic reasons set forth above. This includes ACC's argument alleging that it was impossible for it to bring Wane before the municipal court given the fact that Wane had been incarcerated in Hamilton County since July 3, 2019. However, unlike its motion filed in Case No. 2018CRB3900, ACC also argued that the municipal court erred by ordering the bond be forfeited because the municipal court did not provide it with notice of the municipal court's

---

2. We note that ACC alleges in its appellate brief that it felt compelled to file these two motions after it discovered "the bail bondsman was under criminal indictment" and "not defending it properly."

July 11, 2019 show cause hearing.

**Municipal Court's Decision and ACC's Appeal**

{¶ 16} On December 5, 2019, the municipal court issued a decision in both Case No. 2018CRB3900 and Case No. 2019CRB00103 summarily denying each of ACC's motions requesting the municipal court set aside the bond forfeiture judgments and release it from liability or, alternatively, to remit bond. ACC now appeals. In its appeal, ACC raised one assignment of error arguing the municipal court erred and abused its discretion by denying its motions in both cases.

**Rule of Law**

{¶ 17} Pursuant to R.C. 2937.22(A), "bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." That is to say, "[t]he purpose of bail is to ensure the accused's presence in court at all stages of the proceedings." *Fairfield v. Lopez*, 12th Dist. Butler No. CA2017-08-121, 2018-Ohio-914, ¶ 13. Bail may take several forms. This includes a form known as "recognizance." As defined by R.C. 2937.22(A)(3), a recognizance is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance." A surety bond is a form of recognizance. R.C. 2937.281. "[W]here a surety bond serves as a recognizance, it 'is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered.'" *Lopez*, quoting *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 9.

{¶ 18} "R.C. Chapter 2937 sets forth the procedure for a court to follow when

- 6 -

forfeiture of bail is at issue." *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 28. "A final judgment of forfeiture in the case of a recognizance surety bond has two steps: an adjudication of bail forfeiture under R.C. 2937.35 and a bond forfeiture show cause hearing under R.C. 2937.36." *Youngstown v. Edmonds*, 7th Dist. Mahoning No. 17 MA 0126, 2018-Ohio-3976, ¶ 13. "The purpose of the statutory procedures is to afford due process by allowing the surety to be heard prior to the forfeiture." *Univ. Heights v. Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 17. To that end, R.C. 2937.35 provides that, upon the failure of the accused to appear in accordance with the terms of his or her bail, the court may either (1) adjudge in open court the bail forfeit, in whole or in part, or (2) continue the cause to a later date and, if the accused fails to appear on that later date, declare the bail forfeit at that time. *Dept. of Liquor v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 12 (6th Dist.). Thereafter, upon declaration of forfeiture, R.C. 2937.36(C) instructs the court to:

> notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance.

{¶ 19} If the surety fails to show good cause why the judgment of forfeiture should not be entered, the court shall enter "judgment against the surety for the penalty stated in the recognizance." *Crosby*, 2009-Ohio-4936 at ¶ 28. "[P]roduction of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant." *Lopez*, 2018-Ohio-914 at ¶ 15, citing *State v. Holmes*, 57 Ohio

- 7 -

St.3d 11, 13 (1991). "[O]ne of the other ways to show good cause is to present evidence of the accused's incarceration." *Berry*, 2014-Ohio-2715 at ¶ 11. This is because, "when a defendant is incarcerated in another jurisdiction, the defendant's appearance is forbidden by law and therefore is impossible." *State v. Sexton*, 132 Ohio App.3d 791, 793 (4th Dist.1999). "In deciding whether the defendant's body was produced or good cause was otherwise shown, it does not matter whether the defendant was captured by the surety, arrested by law enforcement, or appeared voluntarily." *Edmonds*, 2018-Ohio-3976 at ¶ 15, citing *State v. Durrett*, 7th Dist. Mahoning No. 09 MA 57, 2010-Ohio-1313, ¶ 3, 8, 29 (abuse of discretion for a court to deny the surety's motion for remission of bond because the surety was not directly responsible for the defendant's return).

{¶ 20} After the judgment of forfeiture has been entered, the surety may then move the court for remission of the penalty in accordance with R.C. 2937.39. Pursuant to that statute:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

{¶ 21} The language of R.C. 2937.39 is clear and unambiguous; a court may remit the penalty stated in the recognizance, in whole or in part, on the appearance, surrender, or re-arrest of the accused. *State v. Salaam*, 5th Dist. Delaware No. 18 CAA 08 0060, 2018-Ohio-4815, ¶ 19. When determining whether remission of some or all of the penalty is appropriate, the court should consider several factors. *State v. Cheadle*, 2d Dist. Darke No. 2011 CA 19, 2012-Ohio-2965, ¶ 9. "These factors may include: '(1) the circumstances

surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited.'" *Crosby*, 2009-Ohio-4936 at ¶ 24, quoting *State v. Hardin*, 6th Dist. Lucas Nos. L-03-1131 thru L-03-1133, 2003-Ohio-7263, ¶ 10; *State v. Ramey*, 6th Dist. Lucas No. L-08-1040, 2008-Ohio-3275, ¶ 9.

**Standard of Review**

{¶ 22} This court reviews a municipal court's denial of a motion for remission of a bond forfeiture for an abuse of discretion. *Lopez*, 2018-Ohio-914 at ¶ 12. This court applies the same standard when reviewing a municipal court's decision on a motion for relief from a bond forfeiture judgment. *Crosby* at ¶ 28. "An abuse of discretion is more than an error of law or judgment; rather, it implies the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Hodge*, 12th Dist. Clermont No. CA2004-10-079, 2005-Ohio-5904, ¶ 8, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 12th Dist. 2016-Ohio-7360, ¶ 7, citing *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). "[A]n 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances.'" *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting Black's Law Dictionary 125 (10th Ed.2014). "An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness." *Campbell v. 1 Spring, LLC*, 10th Dist. Franklin No. 19AP-368, 2020-Ohio-3190, ¶ 9, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th

Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11. "[U]nless a surety can show prejudice – i.e., that appellant could have demonstrated good cause, pursuant to R.C. 2937.36(C), had [he or] she received the statutory notice – the trial court did not abuse its discretion in entering judgment against the surety." *Calvert*, 2011-Ohio-4735 at ¶ 27.

**Analysis**

{¶ 23} ACC argues the municipal court erred by denying its motions because, as the surety, it was never provided notice of the show cause hearings in either Case No. 2018CRB3900 or Case No. 2019CRB00103. However, while ACC did raise this issue as part of its motion to set aside the bond forfeiture judgment and release surety from liability or, alternatively, to remit bond filed in Case No. 2019CRB00103, ACC did not raise this issue as part of its motion filed in Case No. 2018CRB3900.

{¶ 24} "It is well-established that a party cannot raise new issues or legal theories for the first time on appeal." *State v. Mehta*, 12th Dist. Butler Nos. CA2000-11-232 and CA2000-12-256, 2001 Ohio App. LEXIS 3896, * 8 (Sept. 4, 2001), citing *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43 (1975); *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 27. Therefore, as it relates to the municipal court's decision denying ACC's motion in Case No. 2018CRB3900, the municipal court's decision is affirmed. In so holding, we note that ACC specifically admits as part of its appellate brief that Wane was not incarcerated on March 28, 2019, the day in which the municipal court held the show cause hearing in that case, thereby negating ACC's alternative argument alleging good cause would have been shown had the municipal court provided ACC with notice of that hearing.

{¶ 25} The same is not true as it relates to the municipal court's July 11, 2019 show cause hearing in Case No. 2019CRB00103. This is because, not only does the record

indicate that ACC was not provided with notice of that hearing, the record also indicates that Wane was incarcerated in Hamilton County on the day the show cause hearing was held. In turn, had the municipal court provided ACC with notice, thereby giving ACC the opportunity to be heard, ACC would have been able to show good cause for why the judgment of forfeiture should not have been entered. That is to say, ACC can demonstrate that it was prejudiced by the municipal court's failure to provide it with notice of that show cause hearing given the impossibility for ACC to produce Wane at that hearing.

{¶ 26} Therefore, as it relates to the municipal court's decision denying ACC's motion to set aside the bond forfeiture judgment and release surety from liability or, alternatively, to remit bond filed in Case No. 2019CRB00103, the municipal court's decision is reversed as the municipal court abused its discretion in denying ACC's motion. *See, e.g., State v. Ramey*, 6th Dist. Lucas No. L-08-1040, 2008-Ohio-3275, ¶ 15 (reversing municipal court's decision ordering a surety bond be forfeited where the municipal court held a show cause hearing "without notice to [surety] and entering judgment, denying [surety] its right to show cause"). Accordingly, finding merit to ACC's claims as it relates to its motion filed in Case No. 2019CRB00103 only, ACC's single assignment of error is overruled in part and sustained in part.

## Conclusion

{¶ 27} In light of the foregoing, and based on the arguments properly before this court, we affirm the municipal court's decision denying ACC's motion to set aside the bond forfeiture judgment and release surety from liability or, alternatively, to remit bond filed in Case No. 2018CRB3900, but reverse the municipal court's decision denying ACC's motion to set aside the bond forfeiture judgment and release surety from liability or, alternatively, to remit bond filed in Case No. 2019CRB00103 and remand for further proceedings.

{¶ 28} Judgment affirmed in Case No. 2018CRB3900, reversed in Case No. 2019CRB00103, and remanded for further proceedings.

M. POWELL, P.J., and PIPER, J., concur.