[Cite as *State v. Lumb*, 2023-Ohio-3562.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-050 |
| | : | O P I N I O N |
| - vs - | | 10/02/2023 |
| | : | |
| DUSTIN LEE LUMB, et al., | : | |
| Appellants. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2021 CR 0987

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Bond Law Ltd., and Douglas C. Bond and D. Coleman Bond, for appellant, Binnix Bail Bonds.

**HENDRICKSON, J.**

{¶ 1} Appellant, Binnix Bail Bonds, appeals from the judgment entry of the Clermont County Court of Common Pleas declaring bond forfeited and ordering Binnix to pay the bond amount of $35,000 in full, in a case involving defendant, Dustin Lee Lumb. For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2} On November 9, 2021, in Case No. 21-CR-987 (Case 987) Lumb was indicted

on two counts of aggravated possession of drugs, two counts of aggravated trafficking in drugs, one count of having a weapon under disability, and one count of carrying a concealed weapon, along with specifications for the forfeiture of $182 and a pistol. Over the course of Lumb's case, four different trial judges presided over the various hearings.[1] Judge Jerry R. McBride first presided over the case. While temporarily substituting, Judge Victor M. Haddad set bond at $35,000 cash surety, real estate, or ten percent and Lumb posted a surety bond through Binnix. Lumb's girlfriend at the time was a co-signor for the bond.

{¶ 3} On November 21, 2021, Lumb was charged in a separate case with domestic violence against his girlfriend; on November 24, 2021, she wrote a letter to Judge McBride asking the court to revoke bond in Case 987 because she feared that Lumb might try to harm her or her family.[2] The record does not indicate whether the trial court made any comment on the letter. Judge McBride held a trial conference on December 14, 2021 as scheduled, but no transcript of the conference was prepared. The same day, Lumb's counsel requested and was granted a continuance until February 2, 2022.

{¶ 4} On February 2, 2022, a trial setting conference was held and presided over by Judge R. Alan Corbin. Since Lumb failed to appear, the court issued a bench warrant the same day, ordered no bond, and sent a "Notice of Hearing" in Case 987 to Lumb, defense counsel, the state, and Binnix. The notice only stated "You are hereby notified that the above case is set for: Monday, March 21, 2022 at 9:30 am for Bond Forfeiture Hearing before Judge R. Alan Corbin." No transcript of the February hearing was filed on appeal.

{¶ 5} On March 21, 2022, the trial court held the bond forfeiture hearing at which

---

1. The exact reason for each of the substitutions is not explained in the record and ultimately not relevant to the resolution of this case, however the fact of the multiple changes in judges is useful for providing background to the protracted pretrial and bond revocation proceedings.

2. The case number and details of Lumb's domestic violence charge are not in the record, but it is generally referenced in the March 21, 2022 bond revocation hearing. Lumb appears to have been released from jail not long after this arrest.

time Lumb again failed to appear and Binnix's bail bondsman, John Bostwick, appeared for the first time on Binnix's behalf.  During the hearing, Bostwick informed the court:

> After the domestic violence issue, which I am aware of, and [Lumb] was taken to jail—released.  I have no idea how that happened.  That was not a party to me.  He has at this point, ran to Florida.  I have a team in Florida, supposedly at his grandmother's house looking for him.  I have talked to the sheriff's office over here and confirmed it's nationwide pickup on his warrant.

Binnix then requested an extension of at least 30 days to try to apprehend Lumb and bring him back to court.  The court granted Binnix's request, and scheduled the case for another bond forfeiture hearing on April 21, 2022.

{¶ 6}  In the interim, Judge Kevin T. Miles was assigned the case and presided over the April 21 hearing.  Lumb once again failed to appear, but both Bostwick and Lumb's girlfriend appeared.  The trial court informed Bostwick that it believed it had not properly followed the statutory procedures to provide notice to the surety of the forfeiture proceedings.  Bostwick then requested that Binnix be released from the bond, which the court denied.  To remedy the perceived error, the trial court then issued a "Notice of Hearing to Show Cause Pursuant to O.R.C. 2937.36(C)" to Binnix stating, "on the 2 day of Feb, 2022 defendant failed to appear before the Court in accordance with the terms of bail established by the Court and that the Court declared the defendant's bail be forfeited," and set the hearing for June 16, 2022.  The revised notice further stated:

> The defendant and each surety are hereby given notice that on the 16th day of June, 2022, at 8:30 am, which date is not less than forty-five nor more than sixty days from the date of this notice, a hearing will be held. . . wherein defendant and each above-named surety shall show cause why judgment should not be entered against each of them for the penalty stated in the recognizance.

{¶ 7}  On June 16, 2022, Bostwick again appeared on behalf of Binnix and informed the court that they had not been able to locate Lumb, but were still surveilling several

locations. Bostwick requested a continuance to attempt to find Lumb. The trial court granted the continuance and set a hearing for August 24, 2022, but informed Bostwick that it would forfeit the bond if they were unable to secure Lumb.

{¶ 8} On August 24, 2022, Bostwick returned and informed the trial court that they had still been unable to secure Lumb. Bostwick again requested Binnix be released from the bond due to the issue with the original notice, but the court denied the request, noting that while Binnix was not sent a show cause notice, it was sent notice of the bond forfeiture hearing set for March 21, 2022. On August 24, 2022, the court forfeited the bond and issued a judgment entry against Lumb and Binnix in the amount of $35,000.

{¶ 9} On appeal, Binnix raises one assignment of error for our review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ABUSED ITS ENTERED JUDGMENT AGAINST SURETY-APPELLANT ON THE FORFEITED BOND, IN ITS JUDGMENT ENTRY FILED AUGUST 24, 2022, BECAUSE THE SURETY-APPELLANT DID NOT RECEIVE NOTICE AS REQUIRED BY R.C. 2937.36(C), WITHIN 15 DAYS OF THE FORFEITURE BOND.

{¶ 12} Binnix claims that the trial court abused its discretion when it forfeited the bond and entered judgement against it for $35,000, after failing to comply with the notice requirements of R.C. 2937.36(C). In support of its claim, Binnix argues that the trial court declared the bond forfeited on February 2, 2022 when Lumb failed to appear for a scheduled hearing, but of importance, the original notice of the forfeiture hearing sent by the court did not specifically state the default of the accused and adjudication of forfeiture, and did not state that Binnix must show cause why judgment should not be entered against it. Binnix further claims that proper notice was not provided until April 22, 2022, when the trial court recognized deficiencies in the original notice and issued a new notice mirroring the statutory requirements, over 70 days later and outside the 15-day notice period specified in R.C.

2937.36(C). Binnix claims it was prejudiced by the lack of timely notice because the delay allowed Lumb to abscond and flee from Ohio.

{¶ 13} We disagree. While the original notice did not include all the information required by statute, Binnix still had notice of and attended the forfeiture hearing. Further, Binnix's ability to secure Lumb's appearance was in no way dependent on the contents of the forfeiture hearing notice. Binnix was not prejudiced by the deficiencies in the original notice, therefore the trial court did not abuse its discretion when it refused to release Binnix from the bond and entered judgment against Binnix on the forfeited bond.

## Rule of Law

{¶ 14} Pursuant to R.C. 2937.22(A), "bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." That is to say, "[t]he purpose of bail is to ensure the accused's presence in court at all stages of the proceedings." *Fairfield v. Lopez*, 12th Dist. Butler No. CA2017-08-121, 2018-Ohio-914, ¶ 13. Bail may take several forms. This includes a form known as "recognizance." As defined by R.C. 2937.22(A)(3), a recognizance is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance." A surety bond is a form of recognizance. R.C. 2937.281. "[W]here a surety bond serves as a recognizance, it 'is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered.'" *Lopez*, quoting *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 9.

{¶ 15} "R.C. Chapter 2937 sets forth the procedure for a court to follow when forfeiture of bail is at issue." *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001,

2009-Ohio-4936, ¶ 28. "'A final judgment of forfeiture in the case of a recognizance surety bond has two steps: [1] an adjudication of bail forfeiture under R.C. 2937.35 and [2] a bond forfeiture show cause hearing under R.C. 2937.36.'" *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014, and CA2020-01-015, 2020-Ohio-4874, ¶ 18, quoting *Youngstown v. Edmonds*, 7th Dist. Mahoning No. 17 MA 0126, 2018-Ohio-3976, ¶ 13. "'The purpose of the statutory procedures is to afford due process by allowing the surety to be heard prior to the forfeiture.'" *Wane* at ¶ 18, quoting *Univ. Heights v. Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 17. To that end, R.C. 2937.35 provides that, upon the failure of the accused to appear in accordance with the terms of his or her bail, the court may either (1) adjudge in open court the bail forfeit, in whole or in part, or (2) continue the cause to a later date and, if the accused fails to appear on that later date, declare the bail forfeit at that time. *Dept. of Liquor v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 12 (6th Dist.). Thereafter, upon declaration of forfeiture, R.C. 2937.36(C) instructs the court to:

> notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance.

{¶ 16} If the surety fails to show good cause why the judgment of forfeiture should not be entered, the court shall enter "judgment against the surety for the penalty stated in the recognizance." *Crosby*, 2009-Ohio-4936 at ¶ 28. "[P]roduction of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant." *Lopez*, 2018-Ohio-914 at ¶ 15, citing *State v. Holmes*, 57 Ohio

St.3d 11, 13 (1991). "[O]ne of the other ways to show good cause is to present evidence of the accused's incarceration." *Berry*, 2014-Ohio-2715 at ¶ 11. This is because, "when a defendant is incarcerated in another jurisdiction, the defendant's appearance is forbidden by law and therefore is impossible." *State v. Sexton*, 132 Ohio App.3d 791, 793 (4th Dist.1999).

{¶ 17} As the Ohio Supreme Court has explained: "The good cause contemplated [in section 2937.36(C)] goes to the presentation of good and sufficient reasons for the nonappearance, not to good and sufficient reasons why the surety could not locate the defendant." *State v. Ward*, 53 Ohio St.2d 40, 42 (1978). The surety has a duty to follow the progress of the defendant's case and keep itself informed of the defendant's whereabouts. *State v. Barnes*, 6th Dist. Sandusky No. S-10-025, 2011-Ohio-799, ¶ 28, citing *State v. Stevens*, 30 Ohio St.3d 25 (1987).

<u>Standard of Review</u>

{¶ 18} This court reviews a trial court's decision on a motion for relief from a bond forfeiture judgment for an abuse of discretion. *Wane*, 2020-Ohio-4874 at ¶ 22, citing *Crosby* at ¶ 28. "An abuse of discretion is more than an error of law or judgment; rather, it implies the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Hodge*, 12th Dist. Clermont No. CA2004-10-079, 2005-Ohio-5904, ¶ 8, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 12th Dist. Butler CA2016-01-007, 2016-Ohio-7360, ¶ 7, citing *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). "[A]n 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances.'" *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). "An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness." *Campbell v. 1*

*Spring, LLC*, 10th Dist. Franklin No. 19AP-368, 2020-Ohio-3190, ¶ 9, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11. "[U]nless a surety can show prejudice — i.e., that appellant could have demonstrated good cause, pursuant to R.C. 2937.36(C), had [he or] she received the statutory notice — the trial court did not abuse its discretion in entering judgment against the surety." *Wane* at ¶ 22, quoting *Calvert*, 2011-Ohio-4735 at ¶ 27.

Analysis

{¶ 19} The trial court notified Binnix of the March 21, 2022 bond forfeiture hearing, however the notice did not fully comply with R.C. 2937.36(C), which requires the trial court to "[1] notify * * * each surety * * * of the default of the accused and the adjudication of forfeiture and [2] require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them for the penalty stated in the recognizance." Here, Lumb failed to appear at the trial conference on February 2, 2022, and the trial court issued a bench warrant, ordered no bond, and sent a "Notice of Hearing" to Lumb, defense counsel, the state, and Binnix. The Notice of Hearing only stated, "You are hereby notified that the above case is set for: Monday, March 21, 2022 at 9:30 am for Bond Forfeiture Hearing before Judge R. Alan Corbin." It did not state that Lumb was in default on the terms of the bond or that there had been any adjudication of forfeiture, and it did not order Binnix to show cause why it should not have judgment entered against it on the date specified.[3]

---

3. No transcript of the February hearing was filed, therefore there is some ambiguity as to whether the trial court actually declared the defendant's bail forfeited at that time. However, the trial court later clarified in the April 22, 2022 "Notice of Hearing to Show Cause Pursuant to O.R.C. 2937.36(C)" that the court declared defendant's bail forfeited on February 2, 2022. "The duty to provide a transcript for appellate purposes falls upon the appellant. Absent such record, an appellate court must presume the regularity of the proceedings below." *State v. Ballinger*, 12th Dist. Warren No. CA2003-07-069, 2004-Ohio-4984, ¶ 7. The trial court's April 22, 2022 notice indicates that the court declared defendant's bail forfeited on February 2, 2022, thus, absent any evidence to the contrary, this court presumes that is what happened.

{¶ 20} Despite any deficiencies in the notice, Binnix still appeared at the forfeiture hearing on March 21, 2022 and explained to the trial court that it had already taken steps to attempt to locate Lumb, including consulting with law enforcement and sending a "team" to Lumb's grandmother's house in Florida. The trial court proceeded to continue the forfeiture proceedings three more times, giving Binnix ample opportunity to locate Lumb, until it finally entered judgement against Binnix on August 24, 2022. Binnix appeared at each of the scheduled forfeiture hearings, but never offered good cause for Lumb's nonappearance. Binnix did not even assert any deficiency in the notice until the trial court informed it that there might be. Upon adopting this theory, Binnix never explained what prejudice it suffered and simply claimed that the court's failure to satisfy all of the statutory notice requirements was itself reason to be released from the bond.

{¶ 21} For the first time on appeal, Binnix vaguely suggests that, had it received the required statutory notices, it would have aided or enabled the capture of Lumb before he was able to abscond to Florida. However, Binnix failed to explain how the insertion of the required notices would have helped it secure Lumb's appearance at the next scheduled court hearing. Even assuming arguendo that Binnix would have been able to locate Lumb but for the deficiencies in notice, this still does not constitute good cause for its inability to produce Lumb. Good cause goes to the presentation of good and sufficient reasons for the nonappearance of the defendant—namely where the defendant's appearance is impossible due to incarceration in another jurisdiction—not to good and sufficient reasons why the surety could not locate the defendant. *See Ward*, 53 Ohio St.2d at 42, *see also State v. Martin*, 2d Dist. Montgomery No. 21716, 2007-Ohio-3813, ¶ 22 (finding the surety-appellant did not suffer prejudice from the trial court's incomplete notice because it did not prevent the surety from being able to demonstrate good cause for its failure to produce the defendant had good cause existed).

{¶ 22} The purpose of the statutory forfeiture procedures—to include the notice requirements—is to afford due process by allowing the surety to be heard prior to the forfeiture. *Wane,* 2020-Ohio-4874 at ¶ 18. Although the surety may avoid forfeiture if the defendant is produced in court by the date of the hearing, the notifications only pertain to the nature of the hearing and are not aimed at informing the surety that the defendant has absconded. Rather, it is the duty of the surety to follow defendant's whereabouts. *Barnes*, 2011-Ohio-799 at ¶ 28. "The escape of a defendant is the business risk of a bail surety. It is precisely the situation which a surety guarantees against." *State v. Hughes*, 27 Ohio St.3d 19, 22 (1986).

{¶ 23} Here, proper notice would not have provided Binnix with any information about Lumb's whereabouts that it was not already expected to have as a bail surety. Even if the complete statutory notices would have somehow roused Binnix to search for Lumb sooner or with more urgency, there is no guarantee, based upon the record before us, that such efforts would have been successful.

{¶ 24} Therefore, although the original forfeiture hearing notice did not strictly comply with the requirements set forth in R.C. 2937.36(C), Binnix was not deprived of the opportunity to demonstrate good cause for Lumb's nonappearance (had good cause existed) and thus did not suffer any prejudice. Consequently, the trial court did not abuse its discretion when it entered judgment against Binnix.

{¶ 25} Appellant's assignment of error is overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.